DAVID ALLEN and MARY ALLEN, Respondents, *v.* NICHOLAS H.
DE NYSE and HARRIET P. DE NYSE, Appellants.

*Bond of a salesman — when an agreement by him to guarantee sales is not covered by
it — a denial of a breach by the principal obligor inures to the surety.*

In an action upon a bond conditioned as follows: "*Now*, the condition of this
obligation is that if the above bounden Nicholas H. De Nyse shall well and
truly account for, pay over and dispose of all moneys and property of said
Allen & Co., according to said Agreement, which may come into his possession
or under his control, and shall well and truly discharge and perform all his
duties as such Collector and Salesman, then this obligation to be void, otherwise
to remain in full force and effect," the plaintiff is not entitled to recover upon
an agreement made by the salesman and collector, at or about the time of the
execution of the bond, by which the latter guaranteed the payment "of all
accounts for goods sold" by him.
A denial of the allegation of the complaint, to the effect that there has been a
breach of the condition of the bond, contained in the answer interposed by the
principal obligor, inures to the benefit of his co-obligor, although the co-obli-
gor's answer does not contain such a denial,

APPEAL by the defendants, Nicholas H. De Nyse and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 8th day of December, 1900, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 13th day of December, 1900, denying the defendants' motion for a new trial made upon the minutes.

*Charles F. Brown*, for the appellant Harriet P. De Nyse.

*William L. Mathot*, for the appellant Nicholas H. De Nyse.

*J. Wilson Bryant*, for the respondents.

McLAUGHLIN, J.:

This action was brought to recover damages alleged to have been sustained for the breach of the conditions of a bond which reads as follows:

"KNOW ALL MEN BY THESE PRESENTS, That We, Harriet P. De Nyse and Nicholas H. De Nyse, both of 292a 17th St., Brooklyn, N. Y., are held and firmly bound unto Allen & Co., Cigar Manufacturers of 2607 3d Ave., Borough of the Bronx, City, County and State of New York, in the sum of One Thousand ($1,000.00) Dollars, lawful money of the United States of America, to be paid to the said Allen & Co., their executors, administrators or assigns, for which payment well and truly to be made, we bind our heirs, executors and administrators, jointly and severally and firmly by these presents.

"Sealed with our seals. Dated the Twenty-seventh day of February in the year one thousand nine hundred; and,

"WHEREAS, the above bounden Nicholas H. De Nyse is about to act as Salesman & Collector of the above-named Allen & Co., according to Agreement hereunto annexed, and by reason thereof will have the control of sums of money, and be required to perform various acts.

"*Now*, the condition of this obligation is that if the above bounden Nicholas H. De Nyse shall well and truly account for, pay over and dispose of all moneys and property of said Allen & Co., according to said Agreement, which may come into his possession or under his

control, and shall well and truly discharge and perform all his duties as such Collector and Salesman, then this obligation to be void, otherwise to remain in full force and effect.

"NICHOLAS H. DE NYSE. [SEAL.]

"HARRIET P. DE NYSE. [SEAL.]"

The complaint alleged the execution and delivery of the bond, and that thereafter the defendant Nicholas H. De Nyse failed to account for and pay to the plaintiffs the sum of $694.07, which, after deducting his commissions on the sales of goods mentioned, left a balance due and owing to the plaintiffs of $507, for which sum judgment was demanded.

The defendant separately answered, Harriet P. denying the execution of the bond and alleging that nothing was due the plaintiffs at the time of the commencement of the action, and Nicholas H. denying any breach of the conditions of the bond and alleging affirmatively as a counterclaim that he had sold for the plaintiffs goods upon a credit of the value of about $800, for which there was due him by way of commissions the sum of $160, and that so far as he was obligated to make collections under the agreement executed by him, he was relieved from the terms and conditions thereof in or about the month of May, 1900, by the plaintiffs revoking his authority to make such collections. At the conclusion of the trial the learned trial justice directed a verdict for the plaintiffs for the amount claimed, and in accordance with such verdict, judgment was thereafter entered, from which each defendant has separately appealed.

Upon the trial it appeared that at or about the time of the execution of the bond, a copy of which has been given, the defendant Nicholas H. entered into an agreement with the plaintiffs by the terms of which he was to sell in their name certain goods for which he was to be paid a specified commission; that he guaranteed the payment " of all accounts for goods sold ; " that he was to make the collections, and in the event of his severing connections with the plaintiffs he further agreed to collect all accounts then outstanding ; that, in pursuance of the agreement, he sold goods to the amount of $575.15, for which his commissions amounted to $103.60 ; that he

collected $76.25, which was remitted to and received by the plaintiffs; that he was prohibited from making further collections by one of the plaintiffs giving notice to the persons to whom the goods were sold to make no more payments to him.

The learned trial justice, evidently acting upon the theory that the action was brought to recover the purchase price of the goods sold under the guaranty referred to in the agreement of the defendant Nicholas H., directed a verdict for the selling price of such goods, after deducting Nicholas H.'s commissions.

In this, we think, he erred. The action, as already said, was upon the bond, the condition of which was that Nicholas H. should account for, pay over and dispose of all moneys and property of the plaintiffs, and perform all his duties as collector and salesman, and the proof failed to show any breach of this condition. Under the complaint the plaintiffs were not entitled to recover on the ground that the defendant Nicholas H. had guaranteed the payment of accounts for goods sold. This is not the cause of action alleged, and a judgment cannot be given for a cause of action not stated in a complaint. (*Reed* v. *McConnell*, 133 N. Y. 425; *Truesdell* v. *Sarles*, 104 id. 164; *Kirwin* v. *Malone*, 45 App. Div. 93.) But it is said that the defendant Harriet P. did not in her answer deny the allegations of the complaint to the effect that there had been a breach of the conditions of the bond. The answer to this suggestion is that the action is brought against the defendants jointly, and the defendant Nicholas H. in his answer denied such allegation, and this inured to the benefit and could be taken advantage of by his joint debtor, the other defendant. (*Tilden* v. *Washburn*, 24 N. Y. St. Repr. 925; *Clason* v. *Morris*, 10 Johns. 524; *Chamboret* v. *Cagney*, 10 Abb. Pr. [N. S.] 31.) In other words, if the plaintiffs, under the proof offered, were not entitled to recover against the defendant Nicholas H., then, clearly, they were not entitled to recover against his surety, Harriet P.

The judgment and order must be reversed and a new trial ordered, with costs to each appellant to abide the event.

VAN BRUNT, P. J., RUMSEY and PATTERSON, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to each appellant to abide event.