(92 Misc. Rep. 185)

### HART v. NORMAN.

(Supreme Court, Appellate Term, First Department.   October 25, 1915.)

1. DEPOSITARIES ⬦⟞⟝11—DEPOSIT OF MONEY—RIGHT OF ACTION—PARTIES.
    The mere fact that a deposit, made by B. with defendant, on an agreement for its return to B., on a certain contingency, for support of E.'s family, was made by a certified check drawn by plaintiff and delivered by her husband to B., does not show that the right of action to recover the deposit, if any, is in plaintiff.
    [Ed. Note.—For other cases, see Depositaries, Cent. Dig. §§ 14–19; Dec. Dig. ⬦⟞⟝11.]

2. DEPOSITARIES ⬦⟞⟝4—DEPOSIT OF MONEY—CONDITION OF PAYMENT.
    Imposing a fine on one, with a provision that he stands committed till it is paid, is not equivalent to a sentence to a term in prison, within

the agreement on which a deposit was made, that it should be returned if E. was sentenced to a term in prison.

[Ed. Note.—For other cases, see Depositaries, Cent. Dig. §§ 3–13; Dec. Dig. ☞4.]

3. DEPOSITARIES ☞4—"SENTENCE TO IMPRISONMENT."

A "sentence" to a term of imprisonment is personal punishment for a crime or misdemeanor imposed by a court, whereby a person is involuntarily deprived of his liberty and confined in prison for a definite term.

[Ed. Note.—For other cases, see Depositaries, Cent. Dig. §§ 3–13; Dec. Dig. ☞4.

For other definitions, see Words and Phrases, First and Second Series, Sentence.]

4. WORDS AND PHRASES—"FINE."

A "fine" is pecuniary punishment for the commission of a crime or misdemeanor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fine.]

5. DEPOSITARIES ☞4—DEPOSIT OF MONEY—CONDITION OF PAYMENT.

The last clause of the condition, on which a deposit should be paid to H. "if E. is not sentenced to a term in prison, but is given his liberty, so as to enable him to support his wife," does not extend the condition to one that no fine shall be imposed, or for an indefinite suspension of any sentence to pay a fine.

[Ed. Note.—For other cases, see Depositaries, Cent. Dig. §§ 3–13; Dec. Dig. ☞4.]

Appeal from City Court of New York, Trial Term.

Action by Frieda Hart against Mark W. Norman. From a judgment for plaintiff on a directed verdict, defendant appeals. Reversed, and complaint dismissed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Wilber, Norman & Kahn, of New York City (Mark W. Norman, of New York City, of counsel), for appellant.

George Edwin Joseph, of New York City, for respondent.

PAGE, J. This action was brought to recover the sum of $2,000, deposited with the defendant under the following circumstances: One Elkan had been tried and convicted of embezzlement in the criminal courts of Essex county, N. J. The complainant in the criminal proceedings was one Hawthorne, whose wife had recovered judgment against Max M. Hart, plaintiff's husband, which, with other claims, amounted to $6,000, which had been found to be uncollectible either by execution or by proceedings supplemental thereto. While Elkan was awaiting sentence, J. Sidney Bernstein, an attorney, called upon the defendant, who was the attorney for the Hawthornes, stating that he represented certain friends of Elkan, who would be compelled to support his family if he received a prison sentence, and further represented that Elkan had not personally benefited by the embezzlement, but had been the mere tool of Max M. Hart. As a result of the negotiations between the attorneys, an agreement was made whereby $2,000 was deposited with the defendant in escrow and a receipt therefor

was given by the defendant to Bernstein which, after fully reciting the facts, proceeded:

"Herman Elkan has further represented that he has made every effort to procure the payment of the moneys due from Max M. Hart to Annie Hawthorne, and as a result of his efforts his friends have caused to be deposited the sum of $2,000 mentioned, with the understanding and upon the condition that if Herman Elkan is not sentenced to a term of prison, but is given his liberty, so as to enable him to support his wife and children, the $2,000 is to be paid to Annie Hawthorne for an assignment of her claim and judgment against Max M. Hart, and that if Herman Elkan is sentenced to a term in prison the $2,000 in question is to be returned to J. Sidney Bernstein as attorney to be used for the support and maintenance of the family of Herman Elkan."

The receipt further provided that it should be immediately submitted to the judge before whom Elkan should be brought for sentence, with the understanding that, if the deposit "be not sanctioned by him, it is to be returned immediately to the person from whom received." The memorandum was submitted to the judge and approved by him. Elkan was sentenced to pay a fine of $1,000 and $230.75 costs, and to "stand committed until said fine and costs are paid."

[1]. The plaintiff proved these facts, and that the deposit was made by a certified check drawn by the plaintiff, and delivered by Max M. Hart to Bernstein. Further than the fact that the check was drawn by her, there was no evidence of the plaintiff's connection with the transaction. The evidence was entirely insufficient to show a right of action in the plaintiff to recover the deposit. Defendant's motion to dismiss, made on this ground at the close of the plaintiff's case, and renewed at the close of the case, should have been granted. This would be sufficient to require a reversal of the judgment and the granting of a new trial. We are, however, of the opinion that the evidence failed to disclose a cause of action in any one to recover the deposit.

[2-4]. The learned counsel for the plaintiff contends, and the trial court adopted his contention, that the agreement provided that Elkan should receive a suspended sentence. The memorandum was between lawyers as parties thereto, and they certainly must be presumed to have used language competent to express their understanding. For Elkan's crime he could have been sentenced to a term in prison, or to pay a fine, or to pay a fine and imprisonment, or it was within the discretion of the judge to suspend sentence. If the condition of the deposit was to be a suspension of sentence, it would have been so stated. The language used is that, if Elkan is not sentenced to a term in prison, the $2,000 is to be paid to Annie Hawthorne; if he is sentenced to a term in prison, the $2,000 is to be returned to Bernstein. Elkan was not sentenced to a term in prison.

Counsel ingeniously argues that a fine, with the provision that the defendant stands committed until it is paid, is equivalent to a sentence to a term in prison. In law, however, this is not true. The terms have a definite, distinct meaning. A sentence to a term of imprisonment is personal punishment for the commission of a crime or misdemeanor imposed by a court, whereby a person is involuntarily deprived of his liberty and confined in a prison for a definite term. A fine is pecuniary punishment for the commission of a crime or misde-

meanor; the provision that he stand committed until the fine is paid is not part of the punishment, but a means of compelling the defendant to pay the fine. If he refuses to pay, he is not sentenced to a term in prison, the duration of his imprisonment is in his own control; by payment of the fine he can at any time secure his release. In the case at bar Elkan's fine was paid immediately upon its imposition and he was set at liberty.

[5] Nor are we of opinion that the words "but is given his liberty to enable him to support his wife and children," added to the words "is not sentenced to a term of imprisonment," in the first alternative of the condition, can be construed into a provision that no fine should be imposed, or into an agreement for an indefinite suspension of sentence.

The judgment should be reversed, with costs of the appeal, and the complaint dismissed, with costs of the action. All concur.