CITY OF BUFFALO, Appellant, *v.* HARVEY MURPHY, Respondent.

Fourth Department, January 15, 1930.

*Gregory U. Harmon, Corporation Counsel [Casimer T. Partyka of counsel], for the appellant.*

*Frank M. Spitzmiller, for the respondent.*

THOMPSON, J.   The Charter of the City of Buffalo, adopted in 1927 pursuant to the City Home Rule Law but not published with Local Laws of Cities in State, contains the following provisions for the enforcement of ordinances:

"ARTICLE 18

"ACTIONS AND PROCEEDINGS

" *   *   *

" § 320. Ordinance; criminal action. Where the violation of an ordinance is punishable by fine or imprisonment or both, the person charged may be proceeded against in the way provided by law for proceedings against persons charged with a criminal offense.

" § 321. Ordinance; civil action. Where a penalty may be imposed for the violation of an ordinance, the person charged may be proceeded against by civil action brought *in the name of the city*. If the action is brought in the City Court of Buffalo, the first process shall be a summons, which summons shall be in the form and shall be issued, served and returnable as provided in article two of the act which established said court."

The Buffalo City Court Act (Laws of 1909, chap. 570) has the following provisions:

"ARTICLE III.

"CRIMINAL JURISDICTION AND PROCEDURE.

" *   *   *

" § 65. Judges are magistrates. The judges of said court are magistrates and shall have and exercise all the jurisdiction and powers not inconsistent with this act which are conferred by law upon magistrates.

" § 66. Violations of ordinances. If any person is charged with a violation of any ordinance of the city, where such violation is punishable by fine or imprisonment, or both, he shall be proceeded against before a judge who shall summarily hear, try and determine the charge; and if he shall find such person to be guilty he shall sentence him pursuant to the ordinance."

" § 70. Jurisdiction in criminal actions. For the trial of criminal actions the City Court of Buffalo shall be a Court of Special Sessions, and each judge when so assigned shall hold such court, and shall have, in the first instance, exclusive jurisdiction to hear and determine all charges of misdemeanors committed within the city of Buffalo, except charges of libel." [Amd. by Laws of 1910, chap. 228.]

" § 76. Appeals. A judgment upon conviction rendered by a judge of the City Court of Buffalo sitting as a Court of Special Sessions, Children's Court or magistrate may be reviewed by the County Court of the county as prescribed in title three, part five of the Code of Criminal Procedure; and all of the proceedings thereon shall be as set forth therein."

Subdivision 8 of section 147 of the Code of Criminal Procedure (as added by Laws of 1909, chap. 571) provides:

" Who are magistrates. The following persons are magistrates: * * *

" 8. The judges of the City Court of Buffalo."

Reading the sections from the Buffalo City Court Act together, it appears that enforcement of the Ordinances of the City of Buffalo criminally shall be before a judge of the City Court of Buffalo sitting as a magistrate, and that violations of criminal statutes, aside from the city ordinances, are to be prosecuted in the City Court of Buffalo sitting as a Court of Special Sessions.

The Buffalo City Court Act also contains the following:.

" ARTICLE II.

" CIVIL JURISDICTION AND PROCEDURE.
" * * * *

" § 20. Jurisdiction. * * *

" [Subdiv.] 15. In an action for a fine or penalty not exceeding one thousand dollars, including the action to recover a penalty given by the charter of the city of Buffalo or any by-law or ordinance thereof or any statute of the State." [Amd. by Laws of 1911, chap. 343.]

" § 23. Commencement of action; summons and parties. *An action must be commenced by the service of the summons or the voluntary appearance of the parties.* The summons shall state the names of all the parties plaintiff and defendant, but if the defendant's name is unknown, a fictitious name shall be stated. It shall summon the defendant to appear before the clerk of the court * * * to answer the plaintiff's complaint; if no written complaint is served with the summons it must state the amount for which plaintiff will take judgment if the defendant fails to appear and answer. It shall be issued and signed by a judge of the court or the chief clerk or deputy chief clerk * * *." [Amd. by Laws of 1917, chap. 477.] ■

" § 55. Appeals. Appeals in civil causes may be had from judgments of said court or final orders or orders affecting a substantial right to the Supreme Court, Erie county, upon questions of fact or of law in the same manner and with the like effect as appeals are now had by law to the County Court from Justices' Court judgments, * * * but nothing herein contained shall be deemed to grant the right to a new trial in the appellate court. Appeal may be taken from the judgment of the Supreme Court to the Appellate Division. * * * [Amd. by Laws of 1916, chap. 428.]

" § 56. Civil Practice Act, Rules of Supreme Court applicable; when. The provisions of the Civil Practice Act and rules and regulations of the Supreme Court as they may be from time to time, shall apply to the City Court of Buffalo as far as the same can be made applicable and are not in conflict with the provisions of this act; in case of such conflict this act shall govern." [Amd. by Laws of 1922, chap. 142.]

By rules 15 and 16 of the Supreme Court Rules in Erie county appeals upon the law from the City Court of Buffalo are heard at Special Term.

Defendant was arrested by an officer for disorderly conduct, committed in his presence, in resisting an officer and being intoxicated in a public place in violation of sections 5, 8 and 24 of chapter 9 of the Ordinances of the City of Buffalo, punishment for which is provided in section 30 of said chapter as follows:

" § 30. Except where a different fine or penalty is specifically prescribed, every person who shall violate any of the provisions of this chapter shall be liable to a penalty of not less than $2 nor more than $50, to be recovered in a civil action, or, upon being convicted thereof in a court of criminal jurisdiction, such person shall be subject to a fine of not less than $2 nor more than $50, and in case the person so convicted does not immediately pay such fine, he or she may be committed to the Erie County Penitentiary for the term of one day for each and every dollar of such fine not paid. A judgment for any penalty prescribed by any of the sections of this chapter may be enforced by a body execution as provided in section 25 of the charter." ■ (See, also, Buffalo City Court Act, § 67.)

The case was tried before one of the judges of the City Court of Buffalo sitting as a magistrate and the decision was against the defendant. Upon the theory that the case was brought and tried as a civil action under section 321 of the charter and subdivision 15 of section 20 of article 2 of the Buffalo City Court Act (as amd. *supra*), defendant appealed to the Supreme Court (Buffalo City Court Act, § 55, as amd. *supra*), where it was contended by the respondent in that court (appellant here) that the case was brought and tried as a criminal action under section 320 of the Buffalo City Charter and the various sections of article 3 of the Buffalo City Court Act, quoted above. The court below held that the case was a civil action and reversed the judgment of the lower court and dismissed the complaint. By section 5-a of the Code of Criminal

Procedure (as added by Laws of 1920, chap. 920) it is provided: "Where the violation of a right admits of a criminal and also of a civil prosecution, the one is not merged in the other." (See, also, Civ. Prac. Act, § 9.) The case now comes to us on appeal from this judgment of reversal and we must determine whether it is a civil action brought, tried and determined on the civil side of the City Court of Buffalo or whether it is an action brought, tried and determined " in the way provided by law for proceedings against persons charged with a criminal offense " before one of the judges of the City Court of Buffalo acting as a magistrate under the Buffalo City Charter, section 320, and the Buffalo City Court Act, sections 65 and 66.

It will be observed:

*First.* That in the title of the case the city of Buffalo is named as plaintiff instead of the People of the State of New York.

*Second.* That the action was commenced by arrest of defendant, and that there was no summons, complaint, answer (Buffalo City Court Act, §§ 22, 29), information, deposition or warrant; nor was there a voluntary appearance of the parties such as to give the court jurisdiction in civil cases as provided by section 23 of the Buffalo City Court Act (as amd. by Laws of 1917, chap. 477).*

*Third.* That defendant was charged with the violation of certain of the ordinances, contained in chapter 9 of the Buffalo City Ordinances, relating to disorderly conduct.

*Fourth.* That he pleaded not guilty, and this, I think, includes its predicate, that is, that the charge against him was properly and adequately read or stated to him. (*People* v. *Carter,* 88 Hun, 304.)

*Fifth.* That trial was had in the City Court of Buffalo before one of the judges of said court, and that witnesses in support of the charges were sworn as in behalf of the People.

*Sixth.* That no formal order for judgment, judgment or record of conviction was entered. (Buffalo City Court Act, § 37; Id. § 42, as amd. by Laws of 1927, chap. 116.)

*Seventh.* That no return was filed. (Buffalo City Court Act, § 56, as amd. by Laws of 1922, chap. 142; Id. § 76; Justice Court Act, §§ 438, 450; Code Crim. Proc. § 756, as amd. by Laws of 1895, chap. 880.)

*Eighth.* That the appeal to Special Term was from the judgment as found in the record in the minutes of the trial, and must be made out from the following:

" The Court: I will discharge Scaf and suspend sentence on Murphy. Mr. Spitzmiller: I have some additional evidence. We don't want a conviction here. Let's hear the evidence. The Court: I don't want to hear it. Mr. Spitzmiller: I got some other men to testify. The Court: I will change my mind and fine Murphy Fifty Dollars ($50.00) and discharge Scaf."

The judgment appealed from recites a reversal of the judgment below and a dismissal of the complaint. No question of the jurisdiction of the trial court was raised by either party at the trial or at Special Term, and none as to the nature of the action until the argument of the appeal at Special Term.

The chief reason for an opinion that this is a civil action for a penalty is found in its title. The General Construction Law and the Code of Criminal Procedure provide in effect that a criminal action must be prosecuted in the name of the People of the State of New York, as plaintiff, and the omission to thus entitle this action is one of the things to be considered in making our decision, but it is no more conclusive upon us than it would have been upon the complainant in the trial court had the point been raised, for in such case an amendment would have been allowed. (31 C. J. 826.) But the point not having been raised at all by the defendant, he waived it. (*People* v. *Costello*, 182 App. Div. 341.) As a matter of fact the title is of very slight consequence. It has no jurisdictional function in this case, there being no process aside from the arrest, which was without a warrant. The title of a criminal action may be said to be analogous to the caption of an indictment, which, the courts have held, forms no part of it, and which may be supplied or amended in the discretion of the court. (*People* v. *Bennett*, 37 N. Y. 117; *People* v. *Myers*, 2 Hun, 6.)

The practice of joining the city of Buffalo instead of the People of the State of New York as plaintiff in actions to punish violations of ordinances as criminal offenses may quite likely be due to the fact that the charter specifically requires that the civil action authorized for such enforcement shall be brought in the name of the city. We are of the opinion that although the provisions of the Buffalo City Court Act, which define the criminal jurisdiction and procedure of the City Court of Buffalo, do not specifically prescribe the procedure to be followed in this respect, the fact that the judges of said court are vested with all the jurisdiction and powers conferred by law upon the magistrates and, for the trial of criminal actions, the City Court of Buffalo being a Court of Special Sessions, makes the provisions of sections 16-a and 18-a of the General Construction Law (as added by Laws of 1920, chap. 917) and section 6 of the Code of Criminal Procedure and section 6 of

the Civil Practice Act, by force of which all actions of a criminal nature shall be prosecuted in the name of the People of the State of New York as plaintiff, applicable to such proceedings and actions. We are also of the opinion that with the grant of the jurisdiction and powers, conferred by law upon magistrates, to the city judges there goes also the requirement that such power and jurisdiction shall be exercised in the form and manner provided by the Code of Criminal Procedure for the conduct of magistrates and their courts, except as otherwise expressly provided. (*People ex rel. Dargin* v. *Cox*, 76 N. Y. 47.) So that upon the trial of violations of city ordinances summarily before a city judge of Buffalo sitting as a magistrate, the provisions of sections 145 to 182, inclusive (except section 150), of the Code of Criminal Procedure apply and are to be followed. (*City of Buffalo* v. *Neubeck*, 389, *infra*.)

" The power of summarily convicting offenders, being in derogation of the common law, must be strictly confined to the special statute from which its force is derived," and the trial, though without a jury, is as at common law with an accusation, summons, hearing, evidence, conviction or acquittal and judgment and execution thereof. (*People* v. *Phillips*, 1 Park. Cr. 95.)

Defendant was arrested and brought into court and summarily tried. There was no warrant, information or deposition, but these he also waived by proceeding to trial without objection. (*City of Buffalo* v. *Neubeck*, 391, *infra*.) Equally so there was no summons or voluntary appearance of the parties, one of which is essential to the commencement of a civil action in the City Court of Buffalo. (Buffalo City Court Act, § 23, as amd. *supra*.) (See, also, Buffalo City Charter, § 321.) There was no complaint or answer so far as the record shows, nor was there a docket, transcript therefrom or certificate that the proper entries had been made therein. (Justice Court Act, § 270; Code Crim. Proc. § 220, as amd. by Laws of 1910, chap. 268.) But in place of all these we find an arrest, an arraignment, a plea and a sentence, each of which is characteristic of criminal, and not civil, actions.

Definite indication that there was an actual judgment against the defendant is found in the fact that the court sentenced him to pay a fine of fifty dollars. There can be no question that there was an adjudication, the sentence necessarily including a finding by the court that the defendant was guilty of violating the ordinance. Without this there could be no appeal either civil or criminal. As has been said, the only indication that this is a civil case is the title. In every other respect it is the typical record of a trial in police court. The judgment is a criminal judgment.

As a civil judgment it is incomplete and defective, and as such is not appealable.

" The record must show the rendition and entry in the lower court of an appealable judgment." (4 C. J. 45; *Ridgway* v. *Bacon*, 68 Hun, 506.)

A civil judgment must accord with the pleadings, issues, proofs and verdict or decision. " Judgment cannot be given for a cause of action not stated in a complaint." (*Allen* v. *De Nyse*, 60 App. Div. 71.)

The omission of the sentence to contain a direction that the defendant should stand committed to the penitentiary until the fine be paid does not change the nature of the action or the judgment. Such a provision is in the discretion of the court, the law providing that it *may* impose it. (Code Crim. Proc. §§ 484, 718, as amd. by Laws of 1886, chap. 434, and Laws of 1910, chap. 609.) From a reading of sections 66 and 67 of the Buffalo City Court Act and the Charter of the City of Buffalo it will be seen that in no event is the provision necessary to make available the enforcement of the sentence in such manner in the Magistrates' Courts or Courts of Special Sessions in the city of Buffalo, section 67 of the Buffalo City Court Act, supplemented by section 30 of chapter 9 of the Ordinances, providing that in case defendant fails to pay the fine the court *may* issue a warrant committing him to the Erie County Penitentiary, and neither the Charter of the City of Buffalo, the Buffalo City Court Act, nor any ordinance requires that such condition shall be imposed as a part of the sentence or the judgment. Moreover, it is well settled that this remedy for the collection of a fine is not part of the sentence. It is simply a means of enforcing the sentence. (*People ex rel. Gately* v. *Sage*, 13 App. Div. 135; *People* v. *Stock*, 26 id. 564; 8 R. C. L. 53.)

A direction in a sentence imposing a fine that defendant stand committed until the fine is paid is no part of the penalty for the offense, but is merely a means of compelling obedience to the judgment of the court. (*Hart* v. *Norman*, 92 Misc. 185.)

The question we have here has been treated by this court in other cases, but with variant charter and ordinance provisions. In *City of Buffalo* v. *Schliefer* ([1881] 25 Hun, 275) the defendant was arrested upon a warrant which required him to answer unto the city of Buffalo for violation of the 21st and 22d sections of the 10th chapter of the laws and ordinances of the city of Buffalo, entitled of markets, etc., which prohibited the selling of produce, except in stores and stands, during market hours, and imposed a penalty (but not a fine) of ten dollars for each violation. The justice fined him ten dollars and six dollars costs. In certiorari

the Special Term held that the proceedings and adjudications of the said justice of the peace were in all respects irregular, erroneous and void and they were reversed. The city appealed to the General Term and the court held, opinion by Mr. Justice HARDIN: " Where a statute or an ordinance imposes a penalty, unless special modes are prescribed, the same is to be collected by an action at law. Such an action is a civil action." It should be added that at that time the Charter of the City of Buffalo (Laws of 1870, chap. 519, tit. 3, §§ 13, 14) contained a provision authorizing the commencement of a civil action for a penalty by the execution of a warrant of arrest upon the person charged with such violation.

In *City of Buffalo* v. *Preston* ([1903] 81 App. Div. 480) the city instituted a civil action in the Municipal Court to recover a fine for a violation of certain city ordinances making persons keeping houses of ill fame guilty of disorderly conduct. The case turned upon the question as to whether the statute under review authorized a civil action or was exclusively enforcible in a criminal proceeding. The court held, Mr. Justice HISCOCK writing, that such ordinance was framed under section 21 of the charter of 1891 (which authorized the adoption of ordinances prescribing punishment for disorderly conduct), and contemplated that the action to be brought thereunder was criminal and not civil.

In *People ex rel. Kane* v. *Sloane* ([1904] 98 App. Div. 450) the Appellate Division affirmed the County Court in sustaining a writ of habeas corpus. Defendant was convicted of disorderly conduct by a Court of Special Sessions in the city of Buffalo under an ordinance which provided that a person so convicted should forfeit a penalty only. He was sentenced to pay a fine of $100 and in default thereof to be confined in the penitentiary. In an opinion by Presiding Justice McLENNAN the court held that, the section not providing that a person violating the ordinance might be sentenced to pay a fine, but only that he should forfeit a penalty in a civil action, defendant was rightly discharged.

In *City of Buffalo* v. *Till* ([1902] 192 App. Div. 99) the action was commenced by the arrest of defendant, charging him with the violation of chapter 9, section 5, subdivision 3, of the ordinances, in that he held a public meeting without obtaining a permit. He was tried the following day and the court found him guilty, and fined him fifty dollars. He appealed to the Special Term, which affirmed. The judgment and the court's opinion each recited that the appeal was from a final judgment convicting the defendant of violating chapter 9, section 5, subdivision 3, of the ordinances of the city of Buffalo. But the sole question raised on the appeal

was that the ordinance was invalid. The theory of the Special Term and the Appellate Division that it was a civil action was doubtless due to the fact that both appellant and respondent so treated it. However, the question was not raised, discussed or decided in either court, so the case is not even dictum so far as our case is concerned.

In *City of Buffalo* v. *Neubeck* ([1924], opinion by Mr. Justice DAVIS, 209 App. Div. 386) defendant was apprehended by a police officer and charged with reckless driving. The officer did not arrest him but handed him a summons (Laws of 1923, chap. 198, adding to Buffalo City Court Act, §§ 107–112) requiring him to appear in City Court, to answer a charge for violating section 14, subdivision 1, of chapter 60 of the City Ordinances. Upon the trial he was found guilty and fined fifty dollars. Imprisonment in the alternative was not included in the sentence. Subdivision 4 of the ordinance provided that upon any conviction the person so convicted should forfeit and pay a fine or penalty. Taking it as a judgment of conviction, defendant appealed to the County Court where it was so regarded by both counsel and court, and the same view prevailed through the appeal to this court. In the course of his opinion, Mr. Justice DAVIS notes the failure to name the People of the State of New York as plaintiff, but says that if the nature of the action is well understood by the parties, the title may not be important and the defect may be disregarded.

It will be noted that none of these decisions deal with the question in this case, except possibly by way of dictum, or under different charter and ordinance provisions. As I see it, this is a criminal case. Whether or not the offense with which defendant was charged was a crime is of little consequence. (*People* v. *Van Houten*, 13 Misc. 603; 91 Hun, 638.) He was legally arrested and brought before a magistrate who had jurisdiction to try his case as a criminal case. He was arraigned and informed of his rights and of the charge against him. He appeared with counsel but made no motion or objection when he was informed of the charges against him, and his counsel being present, he refrained from taking any steps whatever to determine whether or not the action was civil or criminal, or to have it decided upon just what charge and in what respect or manner he and his case were to be tried. He joined issue by pleading not guilty. He did not demand a jury trial, to which he was entitled if it was a civil case, but not if it was a criminal trial before a magistrate, and proceeded to trial. At the end of the trial the magistrate announced his decision in a form only used in criminal cases. No costs were imposed.

No formal judgment was entered, and there was no order for judgment, motion for a new trial, or to set aside the verdict or decision. The whole course of the case is criminal, and defendant well understood it. By participating in it without motion or objection to the contrary, he acquiesced in the procedure adopted (*City of Buffalo* v. *Neubeck, supra*, 391) and the fact that when he came to appeal, he attempted to treat it as a civil case, can be given no effect in the determination of the question before us.

The judgment should be reversed, and the appeal to the Special Term dismissed.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and appeal taken to the Special Term dismissed.