THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH ROBARGE, Appellant.*

County Court, Jefferson County, January 14, 1932.

*Herbert C. Teepell* [*Ray W. Merrill* of counsel], for the appellant.

*Howard B. Donaldson, District Attorney, Carl J. Hynes, Assistant District Attorney,* for the respondent.

KIMBALL, J. The defendant was duly charged before a Justice Court with violation of section 58 of the Vehicle and Traffic Law. The jury found him guilty. During the course of the trial it developed that defendant had previously been convicted of reckless driving under said section. Defendant testified to the prior conviction. There was nothing in the information or warrant charging the defendant with violation of the section as a second offender. The court sentenced him, as a second offender, to imprisonment

---

* See, also, *People ex rel. Robarge* v. *Walrath* (142 Misc. 551).

in the Jefferson County Jail for a period of six months and to pay a fine of fifty dollars.

Upon the affidavits of defendant's attorneys an appeal was allowed to this court. Upon the argument of the appeal, the defendant based his right to a reversal upon several grounds. Upon this appeal, however, the County Court may consider only such errors as are specified in the affidavit upon which the appeal was allowed. (Code Crim. Proc. § 751; *People* v. *Scherno,* 145 App. Div. 95; *People* v. *Giles,* 152 N. Y. 136, 141.)

An appeal may be taken either from the conviction or the commitment. (Code Crim. Proc. § 751; *People* v. *Jacobs,* 51 Misc. 71.)

The notice of appeal herein states that " the defendant herein hereby appeals to the County Court of the county of Jefferson, from the verdict of the jury and the judgment of conviction rendered against him." There is nothing in the notice of appeal to indicate that the defendant has appealed from the commitment. A conviction might be entirely proper and legal in every respect and yet the committment erroneous. It was said in *People* v. *Jacobs* (*supra*) : " In other words, a defendant can review either the judgment including the regularity of the proceedings which resulted in his conviction or the commitment, or, if his notice of appeal is broad or precise enough, both; but, upon an appeal from a judgment only, an error in the commitment cannot be presented for a review."

In the instant case, I, therefore, hold that there is no appeal before me from the commitment.

The errors assigned in the affidavit on the appeal from the judgment of conviction are the following:

*First.* That the trial was not fair and impartial.

*Second.* That the court was without right or jurisdiction to sentence the defendant as a second offender under section 58 of the Vehicle and Traffic Law on the grounds that he was not charged as a second offender in the information or warrant; and

*Third.* That the sentence imposing the fine was illegal in that it did not provide for imprisonment for any prescribed time in the event the fine was not paid.

These are the only alleged errors which this court may consider. Whether the verdict is supported by the evidence or whether the justice of the peace erred in the admission or rejection of evidence are questions not before me on this appeal, although I may say in passing that, upon an examination of the record, I think there was a fair question of fact for the jury and that no reversible errors were made in the rulings.

I do not find anything in the record to substantiate the claim

that the trial was not fair and impartial. In fact, this was not strenuously urged upon the argument.

The only serious question presented is whether the defendant could be sentenced as a second offender.

Section 58 of the Vehicle and Traffic Law provides in part: "Reckless driving is prohibited. Every person violating this provision shall be guilty of a misdemeanor and shall be punished by a fine not exceeding fifty dollars for the first offense; and by a fine not exceeding fifty dollars or imprisonment not exceeding six months, or by both such fine and imprisonment, in the discretion of the court, for a second or subsequent offense."

The defendant's position is that to enable the court to sentence him as a second offender, it was essential that he be charged as a second offender in the information or warrant or both. In support of the defendant's position, the attention of the court is called to the decision in *People* v. *Reppin* (126 N. Y. Supp. 169). This case does not seem to support the defendant's contention. The defendant Reppin was arraigned before a magistrate for violation of a speed law. He waived examination and was held for trial in the Court of Special Sessions of the City of New York. Thereafter the district attorney filed an information in the case, charging Reppin with the crime of "operating a motor vehicle at a greater rate of speed than is allowed by law as a second offense." The defendant moved for a dismissal of the information on the ground that he had not been accorded a preliminary examination before the magistrate on the charge set forth in the information. The court held that the designation of the offense as "second" could be treated as surplusage and the defendant held to plead as a first offender. This case does not seem to be authority for the proposition that to sentence a defendant as a "second offender," it is necessary to charge him as such in the information. It simply held that after having waived examination before the magistrate and held for trial in the Special Sessions Court, the charge against him could not be changed.

No statute has been called to my attention which requires the information in a trial for a misdemeanor to set forth that the defendant is being tried as a second offender in order that he may receive the additional punishment provided therefor by section 58 of the Vehicle and Traffic Law. I see no difference in principle in the case of a misdemeanor and that of a felony. It seems to me that if no constitutional or other right is violated by sections 1941, 1942 and 1943 of the Penal Law, then the same rule would apply to the instant case. The defendant Robarge was tried for reckless driving. Whether he had previously been convicted for the same offense

would have been immaterial. Having been found guilty of the offense charged and it being conceded that there was a previous conviction of the identical defendant, he became a second offender and subject to the increased punishment.

Before sentence, had the district attorney demanded sentence as a second offender, and had the defendant denied the previous conviction, he would have been entitled to a determination of the question of identity. This would have been an issue separate and distinct from the question of his guilt or innocence of the charge of reckless driving. No such issue was raised. The defendant took the stand in his own defense and admitted his previous conviction on his direct examination. Certainly, no stronger proof could be asked than his own sworn statement. It is claimed that Robarge was entitled to notice by the information that he was being tried as a second offender. I do not agree with this contention nor do I see how he was deprived of any constitutional or other rights. When he went to trial, he, of all people, knew that he had previously been convicted. He had the right, however, to put the People to their proof on that issue, but he did not do so. He voluntarily proved himself a second offender. He waived the right to try the question of his identity.

The law was laid down by the Court of Appeals in *People* v. *Gowasky* (244 N. Y. 451) where the constitutionality of sections 1941, 1942 and 1943 of the Penal Law was upheld. If a defendant may be sentenced for life without charging him in the indictment as a fourth offender, then surely one may receive the increased punishment for reckless driving without charging him as a second offender in the information.

In the *Gowasky Case* (*supra*) Judge CRANE stated in his opinion: " Previous convictions need not be alleged in the indictment, nor proved upon the trial of the new charge. This to me seems eminently fair to any prisoner. When he is charged and tried for a crime, his previous record may not be used to influence the jury to convict him of that crime. The proof against him is to be the same as if he were a first offender, unless possibly he takes the stand. But when he is convicted, then comes the question of his sentence, and he is no longer to be treated as a first offender. He may then for the first time be confronted with his record, and sentenced to a severer punishment, as he should be, if it turns out that he has previously transgressed the law. The old practice is still permissible; the indictment, as formerly, may plead the prior convictions, and proof of them may be given at the trial under such pleading, but it is no longer necessary."

It may be argued that there is no statute relating to misde-

meanors similar to section 1943 of the Penal Law and that, therefore, so far as misdemeanors are concerned, the rule laid down in *People* v. *Sickles* (156 N. Y. 541) still controls and that, in cases of misdemeanor, the information must allege the prior conviction as an ingredient of the crime charged. It will be observed, however, that section 58 of the Vehicle and Traffic Law was enacted subsequent to the enactment of section 1943 of the Penal Law and subsequent to the decision in *People* v. *Gowasky* (*supra*).

In *People* v. *Dean* (94 Misc. 502) the court, in passing upon the same question here presented, under the provisions of section 4 of chapter 579 of the Laws of 1915,* said: " In my opinion, the legislature intended to provide in this act that trial of the issue of a prior conviction may be had in a separate proceeding, following the conviction of the defendant. * * * If, therefore, the defendant after being pronounced guilty by the magistrate were found to be a second offender in a proceeding wherein she had notice of the object of the proceeding, a chance to litigate the charge and wherein any competent evidence was adduced against her, she was properly sentenced."

It is my opinion that when section 58 of the Vehicle and Traffic Law was enacted in 1929, the Legislature intended, in view of the prior enactment of section 1943 of the Penal Law relating to felonies, that the prior conviction was not to be an ingredient of the crime charged but that where a defendant was convicted of a violation of the section, he was subject to increased punishment if it was shown by competent evidence that he was a second or subsequent offender; and that the issue of prior conviction might be had in a separate proceeding.

The defendant Robarge, before sentence was imposed upon him, was informed by the Court of Special Sessions that he was a second offender. He was represented by counsel and no demand was made for a trial of the issue of prior conviction, the only objection being that defendant had not been charged in the information or warrant as a second offender. It was not necessary for the People to produce further proof of the prior conviction for the reason, as hereinbefore pointed out, that the defendant had, himself, testified on direct examination that he had previously been convicted. I hold that the court below did not err in sentencing this defendant as a second offender.

The only question remaining is whether the court should have imposed a jail sentence as an alternative in the event that the defendant failed to pay the fine of fifty dollars.

Section 718 of the Code of Criminal Procedure is as follows: " A judgment that the defendant pay a fine may also direct that he

---

* Parole Commission Law.

be imprisoned until the fine be satisfied; specifying the extent of the imprisonment, which cannot exceed one day for every dollar of the fine." This provision is permissive and not mandatory. The omission of the sentence to provide that the defendant stand committed until fine is paid is in the discretion of the court. (*City of Buffalo* v. *Murphy*, 228 App. Div. 279.) The omission does not make the sentence void or illegal. Section 718 above simply provides a remedy for the collection of the fine and a means of enforcing the judgment of the court.

The judgment of conviction is affirmed. Order may be entered accordingly.