The People of the State of New York, Respondent, v. Joseph Robarge, Appellant.— Judgment of conviction affirmed. All concur.

Claude E. Bender, Respondent, v. The Ridgely Protective Association, Appellant.— Judgment and order reversed on the law, with costs, and complaint dismissed, with costs. The policy has been erroneously construed. It clearly covers death and disability cases of one character only, viz., those wherein the injuries are solely those caused both accidentally and through causes not only violent, external and involuntary, but those leaving visible marks of wounds, fractures or dislocations upon the body of the insured. No such injuries were proved. All concur.

Mary Schultz, Appellant, v. New Process Gear Company, Incorporated, Respondent.— Judgment affirmed, with costs. All concur.

H. C. Hemingway & Company, Respondent, v. William J. Norcross, Appellant.— Judgment affirmed, with costs. All concur.

Ena Dimascio, as Administratrix, etc., of Frank Elee, Appellant, v. John J. Coyle, Respondent, Impleaded with Others, Defendants.— Order affirmed, with ten dollars costs and disbursements. All concur.

In the Matter of the Final Judicial Settlement of the Account of Martha Reese Besigel, Administrator, etc., of Thomas S. Reese, Deceased.— Decree affirmed, with costs. All concur.

Hilda Stapley, Respondent, v. United States Casualty Company, Appellant. — Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Sears, P. J., not sitting.

John P. Brogan and Another, Respondents, v. Warren R. Wallace & Co., Inc., and Others, Appellants.— Motion for reargument denied, with ten dollars costs. The facts stated in the complaint and the demand made show that the action is in the nature of one for moneys had and received, as stated in our opinion herein [ante, p. 388], not the inconsistent action for damages for deceit.