THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL SEDOTTO, Respondent, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Third Department, March 31, 1954.

*Nathaniel L. Goldstein, Attorney-General* (*Herman N. Harcourt, Wendell P. Brown* and *Benjamin A. Gilman* of counsel), and *George B. De Luca, District Attorney* of Bronx County ʹ(*John B. Lee* of counsel), for appellant.

*Thomas M. Gardiner* for Michael Sedotto, respondent.

*Per Curiam.* Relator was convicted in the Bronx County Court on February 21, 1952, for perjury, first degree, and was sentenced to an indeterminate term of two and one-half to five years in prison. The judgment added the words " and fined sum of five-thousand (5,000.00) dollars." It contained no direction for imprisonment as an alternative to the payment of the fine, as authorized by section 484 of the Code of Criminal Procedure. After the relator had begun the service of the prison sentence the court on April 4, 1952, vacated the judgment, resentenced relator to two and one-half to five years and again fined him $5,000, and added these additional words to the judgment: " One year in jail in lieu of payment of fine ". A writ

of habeas corpus has been sustained and entered July 18, 1953, in Clinton County, discharging relator. The maximum term of the original sentence had not then expired; and, of course, if the County Court had no power to enter judgment on April 4, 1952, as relator argues, it had no power to vacate the old one in which the maximum term has not expired. There is no proof in the record before us on this subject, but it is argued in relator's brief that the parole authorities had decided to parole relator on the prison sentence and the Special Term was advised of this fact on the argument. For the purpose of this decision we accept that statement.

It is well established, both from the statutory direction (Penal Law, § 2188) and from rather consistent judicial decision in New York, that imprisonment once begun under a judgment shall not be interrupted and the power of a court to change a valid sentence thus begun has terminated (*Matter of Cedar,* 240 App. Div. 182).

But the power of the court to '' correct '' an '' erroneous '' sentence after its commencement has been regarded as unquestionable. (*People ex rel. Mendola* v. *Brophy,* 237 App. Div. 529; *People ex rel. Miresi* v. *Murphy,* 253 App. Div. 441.)

The neglect to provide in the original judgment a direction for the enforcement of payment of the fine is, in our view, a defect in the judgment and an omission of an alternative which the court ought to have provided originally in the interest of certainty and uniformity of the judgment.

The amendment does not affect or change the prison term which relator had commenced and which was not altered. The amendment related, rather, to a separable part of the judgment, a method of enforcing the fine. If relator is right in arguing that there was no right to hold him in prison to enforce the fine under the original judgment after a decision to parole him had been made then the amendment does not affect a '' sentence '' after its commencement and, indeed, the direction for imprisonment to enforce a fine is not a '' sentence '' within the statute.

The order sustaining the writ should be reversed and the relator remanded.

Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

Order sustaining writ of habeas corpus reversed, and the relator remanded.