THE PEOPLE OF THE STATE OF NEW YORK, ex rel. MICHAEL SEDOTTO, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

Argued April 22, 1954; decided July 14, 1954.

*Arnold D. Roseman* for appellant. I. The sentence of February 21, 1952, was valid, legal, proper and in conformity with law. (*People* v. *Bellinger,* 269 N. Y. 265; *City of Buffalo* v. *Murphy,* 228 App. Div. 279; *People* v. *Stock,* 26 App. Div. 564, 157 N. Y. 681; *Chapman* v. *Selover,* 225 N. Y. 417; *People ex rel. Gately* v. *Sage,* 13 App. Div. 135; *Colon* v. *Lisk,* 13 App. Div. 195, 153 N. Y. 188; *People* v. *Robarge,* 142 Misc. 457, 235 App. Div. 896.) II. The County Court was without power to revoke, vacate, interrupt or modify a valid and legal sentence once having commenced. (*Matter of Cedar,* 240 App. Div. 182, 265 N. Y. 620; *People ex rel. Mendola* v. *Brophy,* 237 App. Div. 529; *Ex Parte Lange,* 18 Wall. [U. S.] 163; *United States* v. *Murray,* 275 U. S. 347; *United States* v. *Benz,* 282 U. S. 304; *United States* v. *Rosenstreich,* 204 F. 2d 321; *Furman* v. *Furman,* 153 N. Y. 309; *Matter of Holden,* 271 N. Y. 212; *Matter of Hogan* v. *Supreme Court of State of N. Y.,* 295 N. Y. 92; *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *People* v. *Gersewitz,* 294 N. Y. 163.)

*Nathaniel L. Goldstein, Attorney-General (Benjamin A. Gilman, Wendell P. Brown* and *Raymond B. Madden* of counsel), for J. Vernel Jackson, Warden of Clinton Prison, respondent.

*George B. De Luca, District Attorney (Walter E. Dillon* of counsel), for People of the State of New York, respondent.

I. A court of record has the power to correct erroneous sentences and to impose proper ones. (*People ex rel. Miresi* v. *Murphy,* 253 App. Div. 441; *People ex rel. Bork* v. *Gilbert,* 96 N. Y. 631; *People ex rel. Devoe* v. *Kelly,* 97 N. Y. 212; *People ex rel. Friedman* v. *Hayes,* 172 App. Div. 442; *People ex rel. Mendola* v. *Brophy,* 237 App. Div. 529.) II. The direction, in a judgment, for imprisonment to enforce a fine is not a sentence, but is a separable part of the judgment. (*American Sur. Co. of N. Y.* v. *Town of Islip,* 268 App. Div. 92; *United States* v. *Mitchell,* 163 F. 1014; *City of Buffalo* v. *Murphy,* 228 App. Div. 279; *People ex rel. Gately* v. *Sage,* 13 App. Div. 135; *People ex rel. Stokes* v. *Riseley,* 38 Hun 280; *Chapman* v. *Selover,* 225 N. Y. 417; *Matter of McKinney* v. *Hamilton,* 282 N. Y. 393.) III. Recommitment of the relator does not place him twice in jeopardy. (*People ex rel. Youell* v. *Hunt,* 258 App. Div. 846, 283 N. Y. 560; *Ratzky* v. *People,* 29 N. Y. 124; *People ex rel. O'Berst* v. *Murphy,* 256 App. Div. 58; *Bryant* v. *United States,* 214 F. 51; *De Benque* v. *United States,* 85 F. 2d 202.) III. If the corrected sentence is found to be invalid then the original commitment, imposing a valid sentence, is still operative. (*People* v. *Schneider,* 194 Misc. 746, 276 App. Div. 781.)

LEWIS, Ch. J. By this habeas corpus proceeding the relator challenges the legality of the judgment by which he was confined in Clinton Prison.

At Special Term the writ was sustained and the court directed that the relator be discharged from custody. At the Appellate Division the order of Special Term was reversed on the law, the writ was dismissed and the relator was remanded to State prison confinement. His appeal to this court is taken as of right.

The relator stands convicted in the County Court of Bronx County of perjury in the first degree, a crime punishable under subdivision 1 of section 1633 of the Penal Law, which provides as follows: " Perjury in the first degree and subornation of

perjury in the first degree are felonies and are punishable by imprisonment for a term not exceeding five years, or by a fine of not more than five thousand dollars, or by both."

On February 21, 1952, the relator was sentenced to a term of two and one-half to five years in State prison and was fined the sum of $5,000. When, following the imposition of that sentence, the relator had been delivered to a State prison for confinement, and after he had commenced serving his sentence, the prison warden sent to the Clerk of the County Court of Bronx County a communication in which the fact was noted that, although commitment papers incidental to the relator's confinement had recorded the imposition of a fine as a part of the sentence, they had failed to indicate " how the fine   *   *   * is to be served " in the event it is not paid.

Thereafter, on April 4, 1952, the relator was brought back to the County Court of Bronx County for resentence before the County Judge who had pronounced the original judgment. At that time the following occurred, according to a " Certificate of Disposition " of record before us: " *   *   * the sentence of Feb. 21, 1952 was vacated and the defendant was re-sentenced to State Prison for 2½ to 5 years. Fined the sum of $5,000.00. One year in jail in lieu of payment of fine, to run consecutively to sentence imposed, *nunc pro tunc* as of Feb. 21, 1952   *   *   *."

The Appellate Division order of reversal dismissing the writ was based upon that court's conclusion that the neglect to provide in the original sentence a direction for enforcement of payment of the fine imposed was " a defect in the judgment " — an omission of an alternative which the court should have provided originally in the interests of certainty and uniformity.

We are unable to agree with the Appellate Division that the omission from the original sentence of a provision implementing payment of the fine made the judgment defective. Our conclusion in that regard is supported by section 718 of the Code of Criminal Procedure which provides: " A judgment that the defendant pay a fine *may* also direct that he be imprisoned until the fine be satisfied; specifying the extent of the imprisonment, which cannot exceed one day for every one dollar of the fine.   *   *   *" (Italics supplied.)   (And see Code Crim. Pro., § 484.)

The statute last quoted above is permissive, not mandatory; choice as to whether the sentence shall include the statutory formula in aid of payment of the fine is in the discretion of the court. "The omission does not make the sentence void or illegal." (*People* v. *Robarge,* 142 Misc. 457, 462, affd. 235 App. Div. 896.) It "is merely a means of compelling obedience to the judgment of the court." (*City of Buffalo* v. *Murphy,* 228 App. Div. 279, 287; and see *Hill* v. *United States ex rel. Wampler,* 298 U. S. 460.)

Concluding, as we do, that the original sentence was not defective but was a valid exercise of judicial discretion, the County Judge of Bronx County who imposed it on February 21, 1952, was without power thereafter — on April 4, 1952 — to vacate the original judgment and impose a new sentence of the same penal exactions to which was added the provision — "One year in jail in lieu of payment of fine, to run consecutively to sentence imposed * * *." (*People ex rel. Hirschberg* v. *Orange Co. Ct.,* 271 N. Y. 151, 156–157; *Bohlen* v. *Metropolitan El. Ry. Co.,* 121 N. Y. 546, 550–551; *Herpe* v. *Herpe,* 225 N. Y. 323, 327; *Corr* v. *Hoffman,* 256 N. Y. 254, 268; *Schenectady Trust Co.* v. *Emmons,* 290 N. Y. 225, 229; and see *United States* v. *Murray,* 275 U. S. 347, 358.)

The order of the Appellate Division should be reversed, and the matter remitted to Special Term for further proceedings not inconsistent with this opinion, with due regard for the application of section 220 of the Correction Law.

Conway, Desmond, Dye, Fuld, Froessel and Van Voorhis, JJ., concur.

Order reversed, etc.