Thomas 0. Chimera, J.
Eelator’s contention and reasoning must be rejected, for, having been sentenced pursuant to section 718 of the Code of Criminal Procedure, section 2193 of the Penal Law does not apply.
Section 718 of the Code of Criminal Procedure reads in part as follows: “ A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied; specifying the extent of the imprisonment which cannot exceed one day for every one dollar of the fine.”
The fact that the Magistrate fined the relator on all counts a total of $1,345 and directed that in default of payment he be committed to° the workhouse until the said fines be paid, but not exceeding 128 days in all, clearly indicates that he took into consideration the 27 days spent in the workhouse at Hart’s Island awaiting sentence.
*984 Moreover, section 2193 of the Penal Law dealing with the much misunderstood mandate to credit all time spent while awaiting trial and before sentence, applies only to crimes where the sentence involves a term in prison and not to offenses or crimes where the sentence commands the payment of a fine and in default thereof commitment to jail for a specific period of time and until the fine be paid.
‘ ‘ A direction in a sentence imposing a fine that defendant stand committed until the fine is paid is no part of the penalty for the offense, but is merely a means of compelling obedience to the judgment of the court.” (Hart v. Norman, 92 Misc. 185, cited with approval, City of Buffalo v. Murphy, 228 App. Div. 279, 287.) See, also, Matter of McKinney v. Hamilton (282 N. Y. 393) where it was enunciated, among other things (p. 398), that where a defendant is committed under section 718 of the Code of Criminal Procedure “he is not required to stand committed for a definite term in prison. The duration of his confinement is within Ms own control. By payment of the fine imposed he is at once set free.”