William B. Lawless, J.
This is the decision after the hearing on the return day of the writ of habeas corpus granted to the petitioner by Justice Carlton A. Fisher on November 18, 1960.
The question before the court is one of law, that is whether under the sentence imposed by Erie County Judge Latona upon the relator on September 23, 1959, the relator can be required to serve time in the Erie County Penitentiary until the fine of' $500 imposed with the sentence of a term of imprisonment of one year is satisfied by imprisonment at the rate of one day for each dollar of the fine.
It appears from the petition and from the certified copy of the judgment of conviction submitted by the respondent as his return to the writ that the petitioner, who was under indictment for grand larceny in the first degree, pleaded guilty on September 2,1959, to the crime of petit larceny, a misdemeanor, and that on September 23, 1959, he was sentenced by Judge Latona to “be imprisoned at hard labor in the Erie County Penitentiary at Alden, N. Y., for the term one year and fine of $500.00.”
The petitioner alleges that with credit for ‘ ‘ good behavior ’ ’ time his term of one-year imprisonment expired on March 23, 1960. We need not determine here the exact date when the imprisonment term expired. It is sufficient that it appears with- • out dispute that the imprisonment term of one yeár had expired before this proceeding was instituted.
Section 484 of the Code of Criminal Procedure contained in part IV relating to proceedings in criminal actions prosecuted by indictment provides in part: “ A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every one dollar of the fine.”
Section 718 of the Code of Criminal Procedure which relates to Courts of Special Sessions contains the same provisions as those above quoted from section 484.
The petitioner’s sentence did not direct that he “be imprisoned until the fine be satisfied specifying the extent of the imprisonment” which cannot exceed one day for every one dollar of the fine as authorized by section 484 of the Code of Criminal Procedure.
In the case of People ex rel. Sedotto v. Jackson (307 N. Y. 291) the court held that a sentence in the form of the one imposed upon the petitioner in the instant case is a valid one but that under such form of sentence the defendant cannot be *986 held in prison to satisfy the fine imposed. The court further held that since the sentence was valid it could not be changed by a resentence of the defendant.
In the Sedotto case the relator was sentenced to an indeterminate term of two and one-half to five years in prison “ and fined sum of five-thousand ($5,000.00) dollars ”. After the prison Warden called the County Clerk’s attention to the fact that the sentence failed to show how the fine was to be served the relator was returned to court before the sentencing Judge who vacated the original sentence and then sentenced the relator to the same prison term and then added: “ Fined the sum of $5,000.00. One year in jail in lieu of payment of fine, to run consecutively to sentence imposed, nunc pro tune as of Feb. 21, 1952 The Appellate Division (283 App. Div. 540) held that the court had the power to pronounce the new sentence as a correction of the original sentence. The Court of Appeals in reversing, referred to section 484 of the Code of Criminal Procedure and said at page 295:
“ The statute last quoted above is permissive, not mandatory; choice as to whether the sentence shall include the statutory formula in aid of payment of the fine is in the discretion of the court. ‘ The omission does not make the sentence void or illegal. ’ (People v. Robarge, 142 Misc. 457, 462, affd. 235 App. Div. 896.) It 1 is merely a means of compelling obedience to the judgment of the court.’ (City of Buffalo v. Murphy, 228 App. Div. 279, 287; and see Hill v. United States ex rel. Wampler, 298 U. S. 460.)
“ Concluding, as we do, that the original sentence w.as not defective but was a valid exercise of judicial discretion, the County Judge of Bronx County who imposed it on February 21, 1952, was without power thereafter — on April 4, 1952 — to vacate the original judgment and impose a new sentence of the same penal exactions to which was added the provision—‘One year in jail in lieu of payment of fine, to run consecutively to sentence imposed * * ” (Cases cited.)
In City of Buffalo v. Murphy (228 App. Div. 279 [4th Dept., 1930]) the court reversed the judgment entered on the order of Special Term of the Supreme Court for Erie County which reversed the conviction of the defendant in the City Court of Buffalo of violating an ordinance of the City of Buffalo. The defendant was sentenced to pay a fine of $50. The court said at page 287:
‘ ‘ The omission of the sentence to contain a direction that the defendant should stand committed to the penitentiary until the fine be paid does not change the nature of the action or the judg *987 ment. Such a provision is in the discretion of the court, the law providing that it may impose it. (Code Crim. Proc. §§ 484, 718, as amd. by Laws of 1886, chap. 434, and Laws of 1910, chap. 609.) * • *
“A direction in a sentence imposing a fine that defendant stand committed until the fine is paid is no part of the penalty for the offense, but is merely a means of compelling obedience to the judgment of the court. (Hart v. Norman, 92 Misc. 185.) ” In People v. Robarge (142 Misc. 457, affd. without opinion 235 App. Div. 896 [4th Dept., 1932]) the court below after quoting the pertinent part of section 718 of the Code of Criminal Procedure said at page 462: 6 ‘ This provision is permissive and not mandatory. The omission of the sentence to provide that the defendant stand committed until fine is paid is in the discretion of the court. (City of Buffalo v. Murphy, 228 App. Div. 279.) The omission does not make the sentence void or illegal. Section 718 above simply provides a remedy for the collection of the fine and a means of enforcing the judgment of the court. ’ ’ Under the authorities above discussed the writ of habeas corpus is sustained and the prisoner is to be discharged forthwith.
Submit final order pursuant to section 1262 of the Civil Practice Act sustaining the writ of habeas corpus and discharging the petitioner forthwith.