THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF
     NEW YORK, Respondent, *against* HENRY J. EISLER,
     Appellant.

(Decided February 6th, 1882.)

A summons upon which the name of the plaintiff's attorney is printed, in-
     stead of his written signature, is "subscribed" by him, within the mean-
     ing of section 417 of the Code of Civil Procedure.

The requirement of section 1897 of the Code of Civil Procedure, that "in
     an action to recover a penalty or forfeiture, given by a statute, if a copy
     of the complaint is not delivered to the defendant with a copy of the
     summons, a general reference to the statute must be indorsed upon the
     copy of the summons so delivered," &c., extends to an action by the
     corporation of the City of New York to recover a penalty for violation
     of a corporation ordinance.

APPEAL from a judgment of a district court in the City of
New York.

The facts are stated in the opinion.

*W. J. A. McGrath,* for appellant.

*William A. Boyd,* for respondent.

VAN BRUNT, P. J.—This is an appeal from a judgment
rendered in a district court upon an action brought by the
plaintiff against the defendant for violation of a corporation
ordinance.   The objections raised by the defendant are;
     1st. That the summons was not subscribed by the attorney
for the plaintiff, his name being printed thereon; and
     2nd. That the copy of the summons served on the defend-
ant did not comply with section 1897 of the Code of Civil
Procedure.

In respect to the first ground, it is sufficient to call atten-
tion to the case of *Barnard* v. *Heydrick* (49 Barb. 62), in
which the whole subject is discussed by LOTT, J., all the cases

reviewed, and the very sensible conclusion arrived at, that the statute is complied with even though the summons be not subscribed in the handwriting of the attorney, but that a printed signature issued by him is just as effectual upon him as though he had subscribed the summons with his own name and in his own hand.

The objection that the summons did not comply with section 1897 of the Code seems to be well taken. The distinction which is attempted to be drawn between an " ordinance" and a " statute" does not seem to be well founded.

It is true that the term " ordinance " as usually employed applies to the legislative acts of municipal bodies, but they have precisely the same authority of law as the statutes of a legislature within the jurisdiction which has been confided to such body, and the ordinary definition of an ordinance includes the word "statute." Acts of Congress have been styled " ordinances ; " as for example the " ordinances of 1787 " regulating the government of Territories. It would seem, therefore, that because the word " statute" is used in the section of the Code referred to, it does not necessarily exclude its application to a statute of a municipal corporation, which is equally an ordinance. The reason of the rule applies, and the wording of the section does not exclude it. The section is as follows : " In an action to recover a penalty or forfeiture given by a statute, if a copy of the complaint is not delivered to the defendant with a copy of the summons, a general reference to the statute must be indorsed upon the copy of the summons so delivered in the following form :—' According to the provisions of,' etc.; adding such a description of the statute as will identify it with convenient certainty, and also specifying the section if penalties or forfeitures are given in different sections thereof for different acts or omissions."

It is true that this section occurs in an article entitled, " Action by a private person for a penalty or forfeiture," and that all the preceding sections of this article relate to such an action. But it is to be observed that the fact that the action referred to in those sections is for the benefit of or to be brought by some person, is distinctly mentioned in each of the sections ; and

that such phraseology is dropped when the section in question is reached ; and it would seem, therefore, to have been the intention to make the provisions of section 1897 general, especially as there is no reason which would apply to an action brought by a private person which would not have equal force when applied to an action brought by a state or municipal corporation. The summons in the case at bar not complying with this provision of the Code, must therefore be held to have been irregular, and the justice should have dismissed the complaint upon that ground.

It is not necessary that the ordinance should have been printed verbatim upon the summons ; all that the section requires is such a reference to the ordinance of the City of New York as would enable the party who was served with a summons to turn to the ordinance and determine for what offense he has been sued and what penalty it is charged that he has incurred.

The judgment must therefore be reversed with costs.

BEACH, J., concurred.

Judgment reversed, with costs.