(64 Misc. Rep. 278.)

PEOPLE ex rel. PERSCH v. FLYNN, Warden of City Prison.

(Supreme Court, Special Term, New York County. August, 1909.)

1. CRIMINAL LAW (§ 211*)—PRELIMINARY AFFIDAVIT.
    The affidavit of a police officer that he had arrested relator on suspicion of having committed larceny, as deponent verily believed, from the fact that defendant was charged by one J. with having taken, stolen, and carried away securities of the value of $110,000, was insufficient to authorize relator's arrest or to hold him to answer.
    [Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 211.*]

2. CRIMINAL LAW (§ 213*)—COMMITMENT—JURISDICTION—WAIVER.
    Where an affidavit on which relator was arrested was insufficient to confer jurisdiction on the magistrate to commit him for further examination, relator's consent to an adjournment of his examination was not a waiver of want of jurisdiction.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 432; Dec. Dig. § 213.*]

Karlin & Busch, for relator.
William T. Jerome, Dist. Atty., for respondent.

LEHMAN, J. The relator has been held in $50,000 bail for further examination upon an affidavit of a police officer stating that he arrested the relator on "suspicion of having committed the crime of grand larceny, as deponent verily believes, from the fact that defendant is charged by one M. M. Joyce that defendant had taken,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stolen, and carried away securities of the value of $110,000." It was conceded on the argument, and upon the authority of numerous cases it can hardly be disputed, that such an affidavit is insufficient to authorize the issuance of a warrant or to hold the accused to answer the complaint.

But it is claimed that, where the relator was not arrested under a warrant, such an affidavit is sufficient to allow his commitment for further examination, especially where he has consented to an adjournment. In the case of People ex rel. Farley v. Crane, 94 App. Div. 397, 400, 88 N. Y. Supp. 343, 346, the relator was held upon a similar affidavit for further examination, and upon oral proof he was held to answer the complaint. The Appellate Division, upon an appeal from the order dismissing the writ, said:

" * * * If the defendant is to be committed pending an adjournment of the examination, or to await trial or the action of the grand jury, there must exist as a basis for such commitment, a deposition or other evidence not oral, and depending upon the recollection of the magistrate, but in writing, and tending to show that the prisoner has committed the crime. Section 192 of the Code of Criminal Procedure authorizes the commitment of a defendant for examination upon his failure to give bail or where the offense is not bailable. *If*, as is to be inferred from the return of the magistrate, *the practice of committing defendants pending examination without the presentation of proper information in the form of a deposition prevails, it is unauthorized, and should be discontinued.*" (Italics are mine.)

Upon this decision I am constrained to sustain the writ. In making this decision I do not decide that a magistrate may not hold for further examination an accused person; even though it has not yet appeared upon examination by satisfactory evidence that a crime has been committed, and that there is sufficient cause to believe the defendant guilty thereof; but there must at least be an information filed sufficient to give the magistrate jurisdiction to make the examination. People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 79 N. E. 330, 10 L. R. A. (N. S.) 159.

Since the magistrate in this case has never obtained jurisdiction, no waiver of the defendant can make the commitment valid.