## SUPREME COURT — APPELLATE DIVISION — FOURTH DEPARTMENT.

### May, 1924.

## CITY OF BUFFALO v. LOUIS NEUBECK.

(209 App. Div. 386.)

(1) DISORDERLY CONDUCT—RECKLESS DRIVING—VIOLATION OF BUFFALO CITY ORDINANCES, CH. 60, § 14, SUBD. 1, IS MISDEMEANOR AND PROCEEDING TO PUNISH IS CRIMINAL ACTION.

A violation of subdivision 1 of section 14 of chapter 60 of the City Ordinances of Buffalo, prohibiting reckless driving, punishable under

22

subdivision 4 of section 14, which provides that a person convicted shall forfeit and pay a fine or penalty of not to exceed fifty dollars or shall be imprisoned for a period of not to exceed ten days, is a crime and proceedings to punish a violation of the ordinance is a criminal action.

(2) SAME—CONSTITUTIONAL LAW—PRINTED SUMMONS ISSUED UNDER LAWS OF 1923, CH. 198, AND SERVED BY POLICE OFFICER WITHOUT MAKING ARREST IS NOT DUE PROCESS OF LAW WITHIN 14TH AMENDMENT TO FEDERAL CONSTITUTION.

A printed summons issued under authority of chapter 198 of the Laws of 1923, regulating a summons in the City Court of Buffalo, which was served on the defendant by a police officer who filled in the name of the defendant in writing and signed his own name thereto, and which summoned the defendant to appear on a certain date to answer the charge made against him and provided that on his failure to appear and answer, judgment would be taken against him for the penalty prescribed by law or ordinance for such violation, does not constitute due process of law in a criminal action in conformity with the provisions of the Fourteenth Amendment to the Federal Constitution, and jurisdiction of the defendant could not be obtained in that manner.

(3) SAME.

However, the defendant, who first appeared specially and after his objections to the procedure were overruled appeared generally and participated in the trial, acquiesced in the procedure adopted and waived the defects to which he had theretofore objected.

APPEAL by the defendant, Louis Neubeck, from an order and judgment of the county court of the county of Erie, entered in the office of the clerk of said county on the 27th day of August, 1923, affirming a judgment of conviction rendered by the city court of Buffalo on the 6th day of August, 1923, finding the defendant guilty of disorderly conduct in violation of chapter 60, section 14, subdivision 1, of the ordinances of the city of Buffalo.

*Samuel M. Fleischman,* for the appellant.

*Frederic C. Rupp, Corporation Counsel (Forbes F. Dougherty* of counsel), for the respondent.

DAVIS, J.:

At twelve-thirty-five A.M., August 3, 1923, the defendant was apprehended by a police officer on Bailey avenue in the city of Buffalo who charged him with reckless driving in violation of a city ordinance. The officer filled out and handed the defendant a summons and permitted him to go on his way. The summons was entirely printed except the name of the defendant, the date, and signature of the police officer, to wit:

" To LOUIS NEUBECK.

     "Address...........

" You are hereby summoned to appear in the city court of Buffalo, Number 42 Delaware avenue, in the city of Buffalo, New York, on the 6th day of August, 1923, at 2 o'clock P.M., to answer the charge made against you for violating the provisions of Section 14, Sub-division 1, of Chapter 60 of the city ordinances and upon your failure to appear and answer, judgment will be taken against you for the penalty prescribed by law or ordinances for such violation.

" Dated, Buffalo, N. Y., August 2nd, 1923.

" Attest: BERNARD J. MURPHY, police officer.

" [SEAL. City Court Buffalo.]    GEORGE W. WOLTZ,

  " Speed 32 M. P. H.      Chief Judge of city court."

On the day appointed in the summons the defendant's counsel appeared specially in the city court and moved for a dismissal of the proceedings. The motion was denied. The counsel then appeared generally, a trial was had and defendant was found guilty of violating chapter 60, section 14, sub-division 1, of the city ordinances and fined fifty dollars. There was no alternative directing imprisonment for failure to pay the fine.

The ordinance in question prohibits reckless driving on the streets and regulates the speed at which vehicles may be operated in certain districts. Subdivision 4 of section 14 provides

as follows: "Any person who shall violate any provision of this section shall be guilty of disorderly conduct, and shall, upon conviction thereof, forfeit and pay a fine or penalty of not to exceed $50.00 or shall be imprisoned for a period of not to exceed ten days, or both, for the first offense; and to forfeit and pay a penalty of not to exceed $250.00 or shall be imprisoned for a period of not to exceed thirty days, or both, for a second or subsequent offense."

The question presented on this appeal is largely one of procedure. The language of that part of the ordinance just quoted is somewhat obscure and ambiguous. It is difficult to determine whether the intention of the municipal legislative body was to declare the violation of the ordinance a crime, or to impose a penalty collectible in a civil action, or both. Two entirely distinct punishments might legally be provided. (People v. Waterbury, 44 Hun, 493.)

The language used is " forfeit and pay a fine or penalty." The terms " forfeit " and " pay " are not identical in meaning, nor are the terms " fine " and " penalty," but are often confused in loose statements. " Penalty " is a generic term which includes fines as well as all other kinds of punishments. (25 C. J. 1148.) Strictly speaking, " penalty " denotes punishment whether corporal or pecuniary, imposed and enforced by the state for a crime against its laws. (Huntington v. Attrill, 146 U. S. 657, 667.) As generally understood in this state, a fine is a sum of money exacted of a person guilty of a crime, the amount of which may be fixed by law or left in the discretion of the court, while a penalty is a sum of money for which the law exacts payment by way of punishment for doing some act which is prohibited, or omitting to do some act which is required to be done. (Village of Lancaster v. Richardson, 4 Lans. 136.) A fine is imposed in a criminal action or proceeding, but a penalty or forfeiture ordinarily is recoverable in a civil action. (Civ. Prac. Act, art. 71.)

It is not entirely clear what the nature of this proceeding is. The title would indicate that it is a civil action. The judgment of the city court, while finding the defendant guilty, did not designate the act as a crime; but the judgment of affirmance of the county court treated it as a judgment of conviction and it has been so regarded by both counsel on this appeal. A criminal action is brought in the name of the People of the state of New York. (Civ. Prac. Act, § 6; Code Crim. Proc. § 6.) If the nature of the action is well understood by the parties, the title may not be important and the defect may here be disregarded. (Code Crim. Proc. § 542.) It would be better practice to entitle a criminal proceeding in the prescribed manner, particularly where a defendant might properly be in doubt as to the nature of the proceeding against him.

I think we may regard the offense as a crime, to wit, a misdemeanor (Penal Law, § 2; City of Buffalo v. Preston, 81 App. Div. 480); and the proceeding as a criminal action. (Civ. Prac. Act, § 4.) The police officer was authorized to arrest the defendant without a warrant, the crime having been committed in his presence. (Code Crim. Proc. §§ 177, 180.) Otherwise it would be necessary to file a sworn information and obtain a warrant issued by a magistrate. (Code Crim. Proc. §§ 145, 148–150, 167, 168.) Having arrested defendant his duty ordinarily would be to take the defendant before a magistrate without unnecessary delay. (Code Crim. Proc. § 165; Davis v. Carroll, 172 App. Div. 729.) That does not mean immediately but at the hour when the magistrate would ordinarily be at his office or court. In the meantime the defendant was entitled to give bail (Code Crim. Proc. § 165) which might be taken by certain police officers, providing for his appearance next morning. (Id. § 554, sub. 3.) If he did not furnish bail, the defendant might be locked up until the opening of court.

A " summons " as a criminal process is comparatively new..

(See Code Crim. Proc. § 150, as amd. by Laws of 1917, chap. 686.) It is not the process by which an officer is authorized to make an arrest. Its function is to give notice to a person that there is a complaint against him on a definite charge which it is desired to investigate. It constitutes a somewhat peremptory invitation to come before the magistrate to share or assist in such investigation. In my judgment it is intended to obviate the usual procedure of arrest with or without warrant in certain minor crimes, and in the case of somewhat doubtful complaints made before magistrates when an investigation rather than a trial is first desired. It is a process in the nature of a subpoena leading to an investigation, but not to a definite trial and punishment, unless the person summoned elects to proceed to a trial without issuance of a formal warrant.

The statute regulating a summons in the city court of Buffalo is new. (Laws of 1923, chap. 198, adding to Buffalo City Court Act [Laws of 1909, chap. 570], § 107 *et seq.*) The purpose of the summons therein authorized differs somewhat from the one prescribed by the general statute. (Code Crim. Proc. § 150.) I think the city judge presiding on the trial correctly stated the purpose of the summons given defendant. It was a privilege extended to him permitting him to go without bail or confinement with notice when he might appear in court to plead or defend. It is to be used where there is little risk attending setting free a person arrested. But the general method of acquiring jurisdiction and the requirements of due process of law have not been abandoned or changed by virtue of this statute.

In a civil action the summons with the printed signature of the chief judge, countersigned by the police officer as the law required, might be sufficient to constitute due process of law. (Mayer, etc., v. Eisler, 10 Daly, 396.) By this mode of service prescribed by the legislature the defendant would be reasonably apprised of the action against him and have an op-

portunity to defend and, therefore, no constitutional right would be invaded. (Hiller v. B. & M. R. R. Co., 70 N. Y. 223.) The prosecution of suits for violation of ordinances is somewhat summary and procedure is not so strictly regulated as where more important issues are involved. (People v. Van Houten, 13 Misc. Rep. 603; affd., 91 Hun, 638.)

But in a criminal action leading to possible fine or imprisonment, a stricter regard for the defendant's rights relative to due process must be observed. If the defendant had been taken to the police station, good practice required the officer to file a sworn information, containing jurisdictional facts and charging a specific offense, when defendant was produced in court. (People ex rel. Farley v. Crane, 94 App. Div. 397; People ex rel. Persch v. Flynn, 64 Misc. Rep. 278.) After delivery to him of the summons, the defendant might have been guilty of contempt under the statute in failing to appear. (See Code Crim. Proc., § 150.) But after such failure to appear, if it was proposed to punish defendant for the crime, the proper practice was to file an information and obtain a warrant. (Code Crim. Proc., §§ 148–153.) Criminal process leading to a trial must be issued by a court or magistrate on sworn information, not by an executive, such as a policeman, on his own motion.

The language of the summons is that " judgment will be taken against you for the penalty prescribed by law or ordinances for such violation." It does not seem to contemplate conviction on default. If the contention on the part of the corporation counsel is correct, a person summoned might under certain circumstances, be fined $250 and imprisoned for a period of thirty days without ever being informed that he was charged with a crime.

I do not regard the summons issued in this manner as constituting due process of law in a criminal action in conformity with the provisions of section 1 of the Fourteenth Amendment

of the Federal Constitution. A State may not by legislation make anything it declares such due process of law. (Davidson v. New Orleans, 96 U. S. 97, 102.)

The principles heretofore stated represent the views I entertain of correct procedure under this recent statute. They do not avail defendant here. When objections to the procedure were overruled, defendant appeared generally by counsel and participated in the trial. The corporation counsel suggested that any irregularity could be cured by discharging defendant and issuing a new summons by the court. Defendant did not ask it. There was no dispute about the facts, no defense on the merits and no fault found with the disposition of the case by the court. By appearing and participating in the trial voluntarily, the defendant acquiesced in the procedure adopted, and waived the defects to which he had theretofore objected. (People v. Cook, 45 Hun, 34; Matter of Blum, 9 Misc. Rep. 571; 16 C. J. 296.)

Defendant's rights have not been prejudiced by the original irregularity of procedure. The judgment of conviction should be affirmed.

All concur.

Judgment of conviction affirmed.