CITY OF BUFFALO, Respondent, *v.* JOHN DEBON, Appellant.

Fourth Department, May 6, 1931.

*Solomon Tully* [*Henry Jadd* with him on the brief], for the appellant.

*Hyman Sapowitch* and *Charles L. Feldman,* for the respondent.

TAYLOR, J. For a claimed violation of section 12 of chapter XIII of the Ordinances of the City of Buffalo a summons was served on defendant, appellant, commanding him to appear before the City Court of Buffalo. Section 19 of chapter XIII subjects violators of section 12 to payment of a fine or a penalty. Sections 320 and 321 of the charter of the city of Buffalo, adopted in 1927, pursuant to the City Home Rule Law but not published with Local Laws of Cities in State, empower the city to proceed against violators of ordinances either criminally or civilly. Defendant appeared by attorneys who served a written demand upon the corporation counsel that a copy of the complaint be served upon them. If this were a civil action, defendant was entitled to have a complaint filed with the clerk of the court within twelve days after the date of service of summons. (Rules of City Court of Buffalo, rule IX-a.) But we find nothing requiring service of a copy of the complaint on defendant's attorneys. Defendant also demanded a jury trial. In this he was premature, since, under section 41 of the City Court Act (Laws of 1909, chap. 570, § 41, as amd. by Laws of 1926, chap. 190), he was not entitled in a civil action to demand a jury trial until joinder of issue or within twenty days thereafter. Both of defendant's applications were denied in court orders which recited that a summons had been served " by the plaintiff on the defendant herein to recover a penalty for a violation of Chapter XIII, section 12, of the Ordinances of the City of Buffalo." Defendant appealed to the Special Term for Motions of the Supreme Court, which affirmed the orders of the City Court, no question being raised by court or respondent as to the jurisdiction of the Supreme Court. Appeals from the City Court of Buffalo are taken to the Supreme Court in civil actions (City Court Act, § 55, as amd. by Laws of 1916, chap. 428), to the County Court of Erie county in criminal cases (City Court Act, § 76).

All the papers in this record are entitled " City of Buffalo, Plaintiff, vs. John DeBon, Defendant." It is the statutory rule in this State that actions prosecuted in the name of the People of the State of New York as plaintiff are criminal actions (Gen. Const. Law, § 18-a, added by Laws of 1920, chap. 917; Code Crim. Proc. § 6), those prosecuted otherwise civil actions (Gen. Const. Law, § 16-a, added by Laws of 1920, chap. 917). However, it is the proceeding by which a party charged with crime is accused

and brought to trial and punishment which is known as a criminal action (Code Crim. Proc. § 5); and circumstances may be such that a defect in title may be disregarded or amended, e. g., when the nature of the action is well understood by the parties. (Code Crim. Proc. § 542; *City of Buffalo* v. *Neubeck,* 209 App. Div. 386, 389.)

No copy of the summons in question is printed in the appeal book. Respondent, as well as appellant, might have required it to be printed. Then we should have been informed whether the summons was issued under article II of the City Court Act, thereby instituting a civil action, or under sections 107–112 of article V-A of the City Court Act (added by Laws of 1923, chap. 198, as amd. by Laws of 1924, chap. 425). If issued under article V-A, either a civil or a criminal action might have been indicated (*City of Buffalo* v. *Neubeck, supra*), even if the city of Buffalo were named as plaintiff. In the absence of this important exhibit we must draw our own inferences as to the character of the action from the specified facts shown by the record. They all point to the conclusion that this is an action brought by plaintiff, city of Buffalo, to recover a penalty, a civil action (Buffalo City Charter, § 321; Buffalo City Court Act, § 20, subd. 15); that the city did not elect to prosecute defendant in a criminal action to compel him to pay a fine. (Buffalo City Charter, § 320.) If, as the Special Term memorandum indicates, the return from the City Court showed a criminal action, the learned court should have dismissed the appeal for lack of jurisdiction. (*City of Buffalo* v. *Murphy,* 228 App. Div. 279.)

We affirm the order appealed from, with ten dollars costs and disbursements to respondent, the action being a civil action upon the record and appellant not being entitled to the particular relief demanded at the time the demands were made. Since the order brings about the correct result, we are not confined to the reasons stated at Special Term for affirming. (Civ. Prac. Act, § 584, as amd. by Laws of 1926, chap. 215; *Ward* v. *Hasbrouck,* 169 N. Y. 407; *Logan* v. *Guggenheim,* 230 id. 19.) And both parties are left in a position to proceed in accordance with the facts and upon the merits.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Order affirmed, with ten dollars costs and disbursements.