Maurice W. McCann, J.
(Yates County Judge and Acting Judge for Schuyler County). The defendant herein has brought this proceeding in the nature of a writ of error coram nobis to vacate and set aside a judgment of conviction resulting from defendant’s plea of guilty to an indictment charging him with the abandonment of a pregnant woman.
The petitioner in his moving papers states that he was arrested in the city of Buffalo by members of the Erie County Sheriff’s department one Saturday forenoon, May 6, 1953 and lodged in the Erie County Jail to await the arrival of some one from the Schuyler County Sheriff’s office. At about 3 o’clock in the afternoon of that day the petitioner was taken from the jail and returned to the Schuyler County Jail in Watkins G-len. The petitioner was arraigned on Monday, May 8, 1953 at about *946 2:30 in the afternoon. The petitioner pleaded guilty and was sentenced to the term that he is presently serving. These facts are not controverted by the District Attorney.
The petitioner bases this application upon section 165 of the Code of Criminal Procedure, claiming that he was not immediately taken before a magistrate. The petitioner’s allegations do not quite jibe with the court clerk’s records which show that the petitioner was arraigned on May 8, 1953 and sentenced on June 8, 1953 and placed on probation and that he was returned to court on April 4, 1954.
The minutes of the Trial Judge show as follows:
“ May 8, 1953 — arraigned — case adjourned to May 22, 1953 May 22,1953 — case adjourned to June 5, 1953 June 5, 1953 — warrant issued June 8, 1953 — Defendant brought before the Court Defendant sentenced to Attica State Prison for not less than two nor more than four years suspended during good behavior.
July 13, 1953 — Violation of Probation filed — warrant issued to Sheriff
April 5, 1954 — Defendant brought before the Court on a warrant charging him with violation of probation of a sentence imposed June 8, 1953.”
Thus we see quite a difference from the facts as alleged by the petitioner with the exception of the days alleged, namely : “ Saturday forenoon, May 6, 1953 — Monday, May 8, 1953.”
According to the Judge’s minutes he issued a warrant on June 5, 1953 so if the Sheriff took petitioner into his custody in Buffalo as alleged it was the “ Saturday forenoon ” of June 6 instead of May 6.
According to the 1953 calendar June 8 fell on Monday. Hence it was June 8 instead of May 8, as petitioner alleges.
The petitioner’s contention that he was not taken before a magistrate immediately is not a sound one, because according to both the clerk’s minutes, as well as the Judge’s, he had been arraigned on the indictment on May 8, 1953 (which incidentally was on a Friday) and his case had been twice adjourned from that date.
When the cases cited under section 165 are examined, it is found that this section covers cases of an officer making an arrest for a crime committed in his presence or where an information has been laid and a warrant issued by a magistrate. *947 In these and similar instances the defendant should be taken before a magistrate without unnecessary delay.
In the case of City of Buffalo v. Neubeck (209 App. Div. 386) where the defendant was charged with a misdemeanor and the question of immediate arraignment was one of the points under consideration the court said (p. 389): “ That does not mean immediately but at the hour when the magistrate would ordinarily be at his office or court.”
The petitioner herein was originally arrested on an indictment charging a felony. Section 296 of the Code of Criminal Procedure states that his arraignment must take place before the court in which the indictment was found or before the court to which it was sent or removed. The petitioner was arraigned in accordance with that section.
From all of the undisputed facts and after a careful examination of the law and the facts I am convinced that there was no unreasonable delay in petitioner’s arraignment. His motion is denied. Submit order.