Michael Catalano, J.
This is an appeal from a judgment of the City Court of Buffalo rendered on December 30,1958, finding the defendant guilty of a violation of section 899 of the Code of Criminal Procedure.
The defendant was served with a “ Summons,” dated November 12, 1958, stating: “To Gerald J. Butler, 46 Crestview, Cheektowaga (address), complaint having been made this day by Carole Butler, that you have failed to support your wife and child. You are hereby summoned to appear in part 8 of the City Court of Buffalo, in the City Court Building, Delaware *906 and Eagle Streets, Buffalo, New York, at 2:00 p.m. on the 25th day of November, 1958, so that an investigation may be made of the said complaint. If you do not appear, a warrant will be issued on said complaint for your arrest.” It contained the name of a Judge of said court, but apparently it was not signed by him.
On November 17, 1958, or five days after the date of the summons, one Carole Butler subscribed and swore to an affidavit before a person purporting to be “ Clerk of the City Court of Buffalo,” stating, in effect, that she “ complains of him as being a disorderly person, according to Section 899 of the Code of Criminal Procedure,” because Gerald J. Butler actually abandoned his wife and child, without adequate support, and has left them in danger of becoming a burden upon the public, and he neglects to provide for them according to his means, and that such family is not possessed of property or of means of obtaining a livelihood without the aid of such husband, ‘ ‘ Wherefore the complainant prays that a proper warrant issue according to law, touching the premises.” (Emphasis supplied.)
On the return date the complainant appeared in court without counsel, and the defendant’s attorney waived the reading of the “information.” The complainant was the sole witness, testifying, in substance, that two children of the marriage live with the defendant, that one alleged child of the parties lives with the complainant, that said child is less than one month old, although the defendant was separated from her since December 29, 1957 by court order, that she swore out this “ warrant ” on November 17, 1958, that she defaulted in the Supreme Court separation action brought by this defendant against her, that no provision was made for her support in said separation action, that a judgment of separation was granted to this defendant in Supreme Court, entered July 28, 1958 and she received a copy of the said decree, providing for separation because she “ abandoned him, ’ ’ awarding him custody of the two children of their marriage, that she did not cohabit with this defendant since their separation on December 29, 1957.
The court ruled from the Bench at said hearing that the third child was presumed to be legitimate.
The noun “ summons ” has many meanings. It may mean, ‘ ‘ a call by authority, or by the command of a superior, to appear at a place named, or to attend to some duty ” (Webster’s International Dictionary, 2d ed., Unabridged); or, according to the Civil Practice Act (§ 218), “ [a] civil action is commenced by the service of a summons, which is a mandate of the court or, according to the Code of Criminal Procedure (§ 150), “ [i]f the *907 magistrate be satisfied, from such depositions, that the crime complained of has been committed ” in certain cases, he “ may, in his discretion, instead of issuing a warrant as hereinafter provided, issue a summons which shall be substantially in the following form”; or, according to the Uniform Support of Dependents Law, “ ‘ Summons’ shall mean and include a subpoena, warrant, citation, order or other notice, by whatever name known, provided for by the laws of the state or states wherein the petitioner and the respondent reside as the means for requiring the appearance and attendance in court of the respondent in a proceeding instituted pursuant to this article ” (Domestic Relations Law, art. 3-A, § 31); or according to the City Court Act of Buffalo (L. 1909, ch. 570, as amd.), as to civil jurisdiction, “ [a]n action must be commenced by the service of the summons or the voluntary appearance of the parties (art. II, “ Civil Jurisdiction and Procedure,” § 23), as to criminal jurisdiction, “ [w]hen a complaint, oral or written, is made to a magistrate and the magistrate is not satisfied that a crime has been committed, but believes that in the public interest he should inquire into and investigate the complaint so made, he may issue a summons which shall be substantially in the following form, the blanks to be properly filled ” (art. Ill, “ Criminal Jurisdiction and Procedure,” § 69), as to the Buffalo Domestic Relations Court, “ [proceedings may be instituted by a summons upon a duly verified petition or by a warrant of arrest upon sworn information stating facts sufficient to bring the person accused within the jurisdiction of the court” (art. Ill-A, “Domestic Relations Court,” § 80).
It is with the summons mentioned in section 80 of the Buffalo City Court Act that we are concerned here. Usually, the form of the summons is set forth in the statute or rule providing for it, (see Rules Civ. Prac., rule 45; Code Crim. Pro., § 150; Buffalo City Court Act, §§ 23-a, 69,110) but no specific form is provided for under this section 80.
Under said section 80 in a case involving a person described as disorderly in subdivision 1 of section 899 of the Code of Criminal Procedure, as here, the following provisions apply: (1) the chief judge shall designate a part of the court as the domestic relations court; (2) equity jurisdiction, in addition to existing criminal jurisdiction is conferred to it; (3) proceedings may be instituted by a summons upon a duly verified petition or by a warrant of arrest upon sworn information stating facts sufficient to bring the person accused within the jurisdiction of the court; (4) the summons shall be signed by a judge or the cleTk *908 of the court, and direct the person summoned to appear at the time and place therein named, and show cause why the person summoned should not he compelled to support a wife, child or poor relative with whose support such person is legally charged; (5) delivery of a true copy of the summons must be made upon the person summoned at least 24 hours before the hearing, and may be served by the complainant, or a police officer, or any other person designated by the court; (6) upon the return of the summons the court shall proceed to hear and determine the case without a jury, and may adjourn the hearing from time to time for purposes of investigation, and make an order or judgment fixing the amount and conditions of the support and the just treatment and disposition of the interested parties; (7) the person summoned is entitled to an adjournment, if requested, of three days from the day of service of the summons; (8) failure to obey the summons or any order or judgment of the court shall be a misdemeanor, but the court in its discretion can treat and punish such disobedience as a contempt of court; (9) procedure by summons places no restrictions upon the criminal jurisdiction of the court, and the court in its discretion may at any time after a person appears under summons try and dispose of such person under the section or sections of the Code of Criminal Procedure or Penal Law which such person has violated; (10) the court may direct an investigation by a probation officer at any stage of the proceeding, and place under the oversight of a probation officer any person summoned during the adjournment, or during the continuance of an order or adjournment of the court, whose duty it will be to see that the order or judgment of the court is carried out, and to render such assistance as the court may direct, or the court may suspend sentence or execution of sentence, and place the offender on probation. (Art. 3-A, § 80, added by L. 1924, ch. 424.)
It is interesting to note that the recommended form of the summons to be issued according to Dennis’ Buffalo City Court Act, by Leo Winer (1940), states, in part (p. 277): “ Duly verified petition having been made to me on this day by (blank) that you (blank) are hereby summoned to appear before * * * to the end that an investigation may be made of said verified petition ”. (Emphasis supplied.)
A summons served for the violation of a Buffalo city ordinance, charging reckless driving, is a criminal process in the nature of a subpoena leading to an investigation, but not to a definite trial and punishment, unless the person summoned elects to proceed to a trial without issuance of a formal warrant, but criminal process leading to a trial must be issued by a court or *909 magistrate on sworn information. (City of Buffalo v. Neubeck, 209 App. Div. 386.) Such a summons issued without sworn information as its foundation does not constitute due process of law in a criminal action according to section 1 of the Fourteenth Amendment of the Federal Constitution (City of Buffalo v. Neubeck, supra, p. 391) nevertheless, by appearing and participating in the trial voluntarily, the former rule was that the defendant acquiesced in the procedure adopted, and waived such defect. (City of Buffalo v. Neubeck, supra, p. 391; City of Buffalo v. Murphy, 228 App. Div. 279, 290.)
Whether these summonses are civil or criminal is often difficult to determine. (See City of Buffalo v. De Bon, 232 App. Div. 318.)
Section 899 of the Code of Criminal Procedure, under which this summons herein was issued, provides, in part:
“ The following are disorderly persons:
“ 1. Persons who actually abandon their wives or children, without adequate support, or leave them in danger of becoming a burden upon the public, or who neglect to provide for them according to their means ”.
These acts referred to in said section 899 are offenses and not crimes (People v. Phillips, 284 N. Y. 235, 237); they are criminal in nature and the statute should bé strictly construed. (People ex rel. Ford v. Ford, 124 Misc. 19, 21; People v. Meyer, 124 Misc. 285, 287.)
The most recent authority in this State holds that a criminal summons issued without a sworn information is an essential guarantee to a defendant of a fundamental right of not being punished for a crime without a formal and sufficient accusation, which may not be waived even by a plea of guilty, because it goes to the jurisdiction of the court to hear and determine. (See People v. Scott, 3 N Y 2d 148, 153; People v. James, 4 N Y 2d 482, 485, 487.)
Here, the jurisdiction of the City Court of Buffalo depends upon a strict adherence to the letter and spirit of section 80 of the Buffalo City Court Act. The proceedings were instituted solely by a summons without a duly verified petition, therefore, the court never obtained jurisdiction over this defendant.
The sworn information executed five days after the issuance of the summons was not compliance with the statute; the waiving of the reading of such information and the voluntary participation of the defendant in the ‘ ‘ investigation ’ ’ were insufficient to grant jurisdiction. The defendant’s attorney duly moved for a dismissal of the information and that no warrant issue. *910 The court reserved decision for one month, then on December 30, 1958 the court announced that it had “ already entered a decision.” The defendant’s counsel objected upon the grounds that the summons was only for the purpose of investigating the complaint to determine whether or not a warrant should issue. The court incorrectly held: “ Once they come in here we have jurisdiction.”
No judgment or order, as such, was granted or entered by the lower court.
It is recommended that the court adhere strictly to section 80 of the City Court Act of Buffalo in these matters.
Judgment of conviction reversed on the law. Prepare and submit judgment accordingly.