Edward Robinson, Jr., J.
This is a proceeding under article 78 of the CPLR in the nature of an application for a writ of prohibition enjoining and restraining the District Court of the County of Nassau and all of its Judges, and the District Attorney of Nassau County, from taking any further proceedings in the District Court of Nassau County on an information filed in that court, charging the petitioner with a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law of the State of New York, in that he did operate an automobile on Forest Avenue, a public highway in the City of Grlen Cove, and within the County of Nassau, while in an intoxicated condition as provided in the section. The charge is a misdemeanor.
The petition alleges that while acting as a patrolman in the City of Grlen Cove on December 26, 1964, and while operating a motor patrol, his car was involved in an accident. That shortly thereafter he was taken into custody at the direction of the Chief of Police of the City of Grlen Cove, was subjected to a blood test for the purpose of determining his sobriety, and as a result thereof suspended from the force. He states that he was released from custody that night although he had made demand to be arraigned in the City of Grlen Cove before the City Judge sitting as a Court of Special Sessions. He complains that on the following Thursday an information was filed by the police authorities in the First District Court of Nassau County and a warrant issued for his arrest on the charge above referred to. Upon being taken into custody upon such warrant, he demanded again to be arraigned in the City Court of the City of Grlen Cove. The arresting officers, in compliance with the terms of the warrant, arraigned him in the District Court of Nassau County. He claims that these actions were in violation of his constitutional rights. In support of his position the petitioner alleges that the District Court of the County of Nassau is illegally constituted and is contrary to section 16 of article VI of the Constitution of the State of New York, in that such article (§ 16, subd. b) provides that “ No law establishing the district court for an entire county shall become effective unless approved at a general election ”, and that there was no such approval in connection with the establishment of the District Court in the County of Nassau as now established and constituted.
*214 The District Court of the County of Nassau was first provided for by chapter 879 of the Laws of 1936. This act of the Legislature provided for an alternate form of government in any county which adopted the act. Such law provided for the organization and establishment of a County District Court- — an inferior court having civil and criminal jurisdiction. A general referendum was held in the County of Nassau as a result of which the people of the county approved, ratified and adopted the form of government as provided by said chapter 879 of the Laws of 1936. By chapter 274 of the Laws of 1939, the Legislature enacted the Nassau County District Court Act in order to implement and carry out the provisions of chapter 879 of the Laws of 1936 as adopted in the referendum. Section 230 of said Nassau County District Court Act provided that the Judges of the District Court might hold Courts of Special Sessions within the county and that, as such, Courts of Special Sessions should have original and exclusive jurisdiction of all misdemeanors committed within the county. By chapter 565 of the Laws of 1963, effective April 23, 1963, the Legislature adopted what is known as the Uniform District Court Act. This act provided for the jurisdiction and the practice and procedure in each District Court governed by the Uniform District Court Act. At the time of the adoption of this act the Nassau County District Court was still governed by the Nassau County District Court Act as to jurisdiction, practice and procedure. By chapter 568 of the Laws of 1963, the Legislature repealed the Nassau County District Court Act and amended the County Government Law which had established the District Court of Nassau County and provided an amendment to section 2401 of the Nassau County Government Law so as to create in the County of Nassau a District Court to be governed by the Uniform District Court Act above referred to. Chapter 568 of the Laws of 1963 did not become effective until September 1, 1963. Thus, on September 1, 1963 the jurisdiction of the District Court Judges was changed to that given by the Uniform District Court Act. By section 2001 of the Uniform District Court Act, thus adopted and applied to the District Court of Nassau County effective September 1, 1963, each of the Judges of the court were empowered to sit as a Court of Special Sessions and wore given original jurisdiction on all misdemeanors committed within the limits of the County of Nassau. Until this amendment became effective, the District Court had not only original jurisdiction but exclusive jurisdiction of all misdemeanors. They still retained the original jurisdiction of all misdemeanors under the Uniform District Court Act.
*215 The petitioner argues that by section 16 of article VI, of the Constitution, adopted at a general election by the People of the State of New York on November 7, 1961, a general referendum by the People was required in the County of Nassau prior to the establishment of any District Court for the entire county. The court does not agree with this contention. Subdivision a of section 16 definitely provided that the District Court of Nassau County may be continued under the existing law and then provided that the Legislature, at the request of the Board of Supervisors or other elected governing body outside of the City of New York, may establish a District Court. It is apparent from this section that it was intended by the People and the amendment to the Constitution, that the District Court of Nassau County was to continue as thus established and operating under the laws above referred to, and that no further referendum was required.
Either the City Court of the City of Glen Cove or the District Court of the County of Nassau had original jurisdiction to hear and determine the charge of a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law. No information was filed in the City Court of the City of Glen Cove, so that no prosecution was commenced in that court. An information was filed in the District Court of the County of Nassau and prosecution commenced in that court. The arrest of a defendant does not commence the prosecution (Code Grim. Pro., § 144). Thus, the question as to whether an arrest of the petitioner was actually made on the night of the accident becomes academic. The petitioner was on duty as a patrolman at the time of the occurrence and was subject to the commands of the Commissioner of Police and his other commanding officers. If on that night those officers decided to charge him with the crime and hold him in custody for that purpose, then he would have been entitled to an immediate arraignment on the charge before the nearest and most accessible Magistrate. However, those officers did not elect to charge him with the crime on that night but suspended him from duty and released him from custody. This was their prerogative. It appears from the papers submitted that the District Court of the County of Nassau has been given jurisdiction to hear and determine the only charge made against the petitioner. The petition is dismissed.