John Copertino, J.
At 1:00 p.m. on October 15, 1968, the defendant appeared at a landfill site maintained by the Town of Smithtown on the north side of Jericho Turnpike and Montclair Avenue in the Town of Smithtown, driving a black Ford Diesel sanitation truck bearing the colors of J & S Sanitation.
The defendant unceremoniously proceeded to unburden the truck of its load — garbage, euphemistically referred to as “ refuse ” by the sensitive, sophisticated, artistic and intelligentsia. Just as unceremoniously, one Andrew Wolke, who referred to himself as a town sanitation foreman at this site, proceeded to wade through the pile, sifting and examining it’s contents. The record is unclear as to how extensive the examination was. The court did sense, however, a feeling of regret, dismay, and frustration on the part of Mr. Wolke that the entire load could not be preserved as evidence for the court. Instead, three items were selected at random and were retained by him as evidence. The court inconsequentially infers as the first of its inferences that the remainder of the load has long since been ‘1 plowed under, ’ ’ covered with sand, and will someday support frolicking children at play or some other glorious activity. (There is reasonable doubt, however, that the site will displace Mount Olympus.) Not so, however, with the three items selected by the foreman. Over the objection of defense counsel these three items have been received in evidence and are likely to be forever entombed and incorporated in the records of this court.
The first of these items is an unopened letter from a veterans’ organization addressed to a person on “ Morris Street, Brent- *560 wood, N Y 11717 ” as the addressee. The second is an issue of the Journal of Practical Nursing bearing a postal label, showing a resident of “ Feurising Av. Bohemia N Y 11716” as the addressee. The third is an advertising supplement of one of the three major newspapers circulated in our county, alerting the intended reader a “ resident ” of “ Lincoln Avenue, Bohemia N Y 11716 ” of all the advantages of shopping in a community not far from Bohemia and setting forth some 16 pages of “ Columbus day values.” The last two items are somewhat wrinkled and encrusted but cannot and do not prevent complete perusal. The first item is in somewhat better condition and the message has by choice remained a mystery. All three, however, are long since moribund and almost eerily cry out for a more suitable resting place then has befallen their lot.
Be as it may, about an hour before, the People’s only witness, Wolke, had seen the very same truck with the defendant as its helmsman stopping, picking up garbage, and proceeding house to house in Bohemia, an area wholly within the Township of Islip; the exact street or streets on which the truck was seen was not testified to. At that time the truck was about five miles from both the nearest facility in Islip Town and the Smithtown landfill site. Wolke’s Bohemian observations did not result from a planned surveillance but rather from fortuitously sighting the truck while he was en route from Islip Town to Smith-town Town while on an errand for parts. The surveillance was of short duration, Wolke having failed to follow the truck from Bohemia to Smithtown.
Having concluded that the defendant had transported and disgorged Islip garbage in Smithtown, Wolke issued and served a summons on the defendant calling for the latter’s appearance before this court on November 12, 1968. The charge stated thereon was “ transporting solid waste across the town line ” in violation of ‘ ‘ Smithtown Code 21-17-B.”
The records of this court indicate that an information was laid on November 12, 1968, that the defendant did not appear on said day, that a summons was issued by the court on November 18,1968, returnable on December 2,1968, that the defendant was arraigned thereafter, and pleaded not guilty.
The information charges the defendant with bringing garbage collected outside the Town of Smithtown to a Smithtown Town Dump in violation of section 17-B of chapter 21 of the Ordinances of the Town of Smithtown. The information is based on the direct knowledge of Andrew Wolke, the People’s only witness. This action was tried before the court without a jury.
Defendant maintains that this court is without jurisdiction *561 because the summons, “ as the initiatory pleading,” was void when issued by Mr. Wolke.
The law is clear that a summons is not a pleading (People v. Scott, 3 N Y 2d 148, 150-151; see, also, Code Crim. Pro., § 145).
The function of a summons “ is to give notice to a person that there is a complaint against him on a definite charge which it is desired to investigate. It constitutes a somewhat peremptory invitation to come before the magistrate to share or assist in such investigation. In my judgment it is intended to obviate the usual procedure of arrest with or without warrant in certain minor crimes * * * It is a process in the nature of a subpoena leading to an investigation, but not to a definite trial and punishment, unless the person summoned elects to proceed to a trial without issuance of a formal warrant.” (City of Buffalo v. Neubeck, 209 App. Div. 386, 389.)
When Mr. Wolke issued the summons, it operated to apprise the defendant that an allegation would be made against him to a Magistrate. Its issuance did not commence a criminal proceeding (Matter of Doran v. District Ct. of Nassau, 45 Misc 2d 212, 215.) It was an invitation to appear and the defendant was “ free to disregard it ” (People v. Preble, 39 Misc 2d 411, 415; see, also, People v. Boback, 23 N Y 2d 189, 195) —which the defendant did. Service of the summons did not confer jurisdiction (People v. Scott, supra, p. 151; City of Buffalo v. Neubeck, supra, p. 390; Matter of Coville v. Bennett, 57 Misc 2d 838-839).
Jurisdiction was conferred only when Mr. Wolke swore to the information before one of the Judges of this court (People v. Preble, supra; Matter of Coville v. Bennett, supra). Irregularities or defects prior thereto are of no consequence (cf. People v. Butler, 18 Misc 2d 904). Assuming that there was no authority whatsoever — the provisions of section 10 of the Municipal Home Buie Law and Local Law 36 A-2 of the Town of Smith-town to the contrary not withstanding — for Mr. Wolke to issue and serve the summons, it is difficult to see how this could operate to foreclose jurisdiction for all time or how it could have even prejudiced the defendant in any way where he chose not to appear and where it required a criminal summons issued by the court after an information was properly laid to bring the defendant before the court.
This court is of the opinion that jurisdiction over the defendant was properly obtained and was not affected by any defects, irregularities, o.r impotencies attendant to the issuance and service of the summons prior to the time that the information was sworn to.
*562 The critical issue here is whether the court can infer the defendant’s guilt from the evidence before the court. The defendant maintains that this court cannot infer that garbage being collected in the Town of Islip was ultimately taken to Smithtown for disposal. Here, proof of guilt must depend upon circumstantial evidence. There is direct evidence that the defendant was collecting garbage house to house in the Town of Islip. There is direct evidence that within the hour the defendant driving the same truck appeared at the Smithtown landfill site and unburdened the same truck of a load of garbage. The question to be decided is whether the court can infer that the garbage collected while the truck was going house to house in Islip Town was dumped in Smithtown.
‘ ‘ Proof ‘ beyond a reasonable donbt ’ has been well defined to be that which amounts to a moral certainty, as distinguished from an absolute certainty” (People v. Bonifacio, 190 N. Y. 150, 153).
“ Proof must be such as would satisfy the judgment and consciences of the jurors that the crime charged has been committed by the defendant and that no other reasonable conclusion was possible.” (People v. Bonifacio, supra, p. 155.)
The- facts, from which the inference that this was Islip garbage, must be established by direct proof, and this conclusion ‘ ‘ must flow naturally from the proven facts and be consistent with .them all: the proven facts must exclude to a moral certainty every hypothesis except that of guilt or of the offense charged and not alone must all the proven facts be consistent with and point to guilt, but they must be inconsistent with innocence ”. (People v. Weiss, 290 N. Y. 160, 163.) In the Weiss case the conviction rested on a conspiracy to kill and knowledge on the part of all the conspirators that one of them ‘‘ had a dangerous weapon to be used to kill ”. The Court of Appeals noting that both these facts relied upon inferences held that the facts from which the inferred facts were drawn had to be established from direct proof.
In People v. Bearden (290 N. Y. 478, 480) the same court held that where a “ conviction rests solely upon circumstantial evidence * * * facts from which the inference of defendant’s guilt is drawn must be established with certainty — they must be inconsistent with his innocence and must exclude to a moral certainty every other reasonable hypothesis.” (Italics supplied.)
In People v. Taddio (292 N. Y. 488, 492) it was said “ Accordingly our problem is to search the record for circumstantial evidence which is sufficient in law to sustain the judgment of con *563 viction. If, as a jury has found, the defendant’s guilt was established beyond a reasonable doubt, and in the conceded absence of direct proof to sustain the charge, there must he proof of facts from which a clear inference may be drawn pointing to defendant’s guilt. That inference may not be based upon conjecture or speculation but must follow logically from proven facts; it must be not only consistent with and point to defendant’s guilt hut must be inconsistent with his innocence. (People v. Weiss, supra, p. 163.) ”
People v. Eckert (2 N Y 2d 126, 129) involved the sufficiency of the evidence presented to the Grand Jury to sustain an indictment, but the court’s reasoning is applicable here. “ Of course, an indictment which is based upon circumstantial evidence which does not possess the degree of certitude which the law requires as to those facts hearing upon the accused’s guilt must he dismissed (People v. Lewis, 275 N. Y. 33). The legal sufficiency of such evidence is measured by two standards: the facts from which the inferences of the accused’s guilt are drawn must he satisfactorily established; and they must not only he inconsistent with innocence, but must exclude to a moral certainty every other reasonable hypothesis but guilt. (People v. Harris, supra; People v. Razezicz, 206 N. Y. 249; People v. Lewis, 275 N. Y. 33, supra; People v. Bearden, 290 N. Y. 478.) But as we pointed out rather recently, this does not mean that absolute or metaphysical certainty is required. Whether someone else may possibly have caused the death is not the issue. The issue is: does the evidence logically point to the defendant’s guilt, and exclude, to a moral certainty, every other reasonable hypothesis (see People v. Harris, 306 N. Y. 345, 351). In this instance that determination was for the Grand Jury in its capacity as arbiter of credibility and of the weight to be given to the evidence (People v. Vaccarella, 257 App. Div. 461; People v. Bob, 233 App. Div. 94). ”
In People v. Blake (5 N Y 2d 118) the question was whether the defendant, convicted of driving while intoxicated, did in fact operate the vehicle. Defendant was found by his accusers seated alone in his damaged automobile against a guardrail with the engine running. The court speaking through Judge Burke said at page 120, “ The facts established point logically to the defendant’s operation of the automobile while intoxicated, even though there is no direct proof that he drove into the guardrail. It is conceivable that some one else drove the car against the guardrail, hut that is a possibility often present in many circumstantially proven criminal cases. Nevertheless, in this case, we are convinced that the proof in the record satisfies the test for *564 circumstantial evidence to a degree sufficient in law to sustain the conviction.”
In People v. Wachowicz (22 N Y 2d 369, 372), the Court of Appeals was again confronted with the problem presented here, and .spoke through Judge Bergau as follows: “ The rule governing the sufficiency of circumstantial evidence as this court has restated it many times is: (a) that the hypothesis of guilt should ‘ flow naturally from the facts proved, and be consistent with them all (b) the facts proved must all be consistent with guilt and inconsistent with innocence and exclude ‘ to a moral certainty ’ every hypothesis but guilt (e.g., People v. Bennett, 49 N. Y. 137, 144; People v. Harris, 136 N. Y. 423; People v. Razezicz, 206 N. Y. 249; People v. Woltering, 275 N. Y. 51, 61; People v. Eckert, 2 N Y 2d 126). The rule, as Judge Htjbbs noted in Wottering, has been ‘ repeatedly reiterated by this court ’.
“ But with these precautions, essentially an insistence on reliability of the inferences to be drawn from established facts, this court has always accepted circumstantial evidence as a sound basis for adjudication in criminal as well as in civil cases.
‘ ‘ In the end, it is a question whether common human experience would lead a reasonable man, putting his mind to it, to reject or accept the inferences asserted for the established facts.”
When the facts, direct and inferred, are viewed against this background of the law, this court concludes that the defendant’s guilt has been proven beyond a reasonable doubt.
As has been stated there is proof in the record that about one hour before defendant arrived at the Smithtown site, he was seen collecting garbage from house to house in the Bohemia area of the Town of Islip. There is also proof in the record that at the time defendant was seen in the Town of Islip he was at a location some five miles from the nearest Islip Town facility. These were facts that were established by direct proof and with certainty. These facts clearly and logically permit the inference that the defendant appeared in Smithtown with garbage that had been collected in Islip Town. Absolute or metaphysical certainty of this fact is not required. It is sufficient that the trier of the facts is morally certain to the exclusion of every other reasonable hypothesis except guilt.
It is almost inconceivable that within an hour the defendant would have taken this lumbering elephantine truck from the Bohemia area where Mr. Wolke saw it to an Islip facility five miles away, disgorged its Islip refuse there, reloaded with -refuse in Smithtown and appeared at the Smithtown facility. *565 Human experience demands the inference that it was Islip garbage that came to Smithtown.
This court is of the opinion that the exhibits received in evidence were relevant and material to the inquiry being conducted. The fact that they were addressed to Town of Islip residents and were dumped in Smithtown touched upon the issue to be resolved and had a bearing on the question in issue (Richardson, Evidence [Prince, 9th ed.] §§4, 128; Goldstein, Trial Technique, § 361). Wolke’s testimony to the effect that they were found in the load that was deposited in Smithtown furnished a sufficient foundation for their receipt. It goes without saying that were this the only evidence relied on by the People to sustain their burden, it would have been insufficient to convict.
The only attack made on the information, the initial and only pleading before this court, is that it contains matter which was not within the direct knowledge of the informant, was of necessity upon information and belief, and therefore required a deposition from someone having knowledge of the facts. The defendant relies on People v. James (4 N Y 2d 482) and People v. Haverty (21 Misc 2d 198).
James holds that an information used as the basis for issuing a warrant or summons, or as a pleading alone requires that it “be based on competent legal evidence * * * or that the information be supported by depositions, or that at least the sources of information and grounds of the belief be stated.” (People v. James, supra, p. 486.)
Haverty concerns itself with an inf ormation containing matter not within the direct knowledge of the informant, such defect not being discovered until the informant was questioned on cross-examination. Both cases required the testimony of someone other than the informant in order to sustain the allegations in the information. Here, this court concludes that the testimony of Wolke alone is sufficient to convict. This court is of the opinion that where the informant’s testimony alone is sufficient to bear out the allegations of the information, People v. James (supra) and People v. Haverty (supra) are inapposite. This court knows of no rule which requires that an information specify which facts are within the direct knowledge of the informant and which facts have been inferred from facts within the direct knowledge of the informant.
The court finds the defendant guilty beyond a reasonable doubt.